OPINION *Page 2 
¶ {1} In a reopened appeal, defendant-appellant William Jones contests the post-release control portion of his sentence entered by the Mahoning County Common Pleas Court. The issue presented is whether the trial court's language at the sentencing hearing and in the sentencing entry sufficiently fulfilled the court's duties regarding post-release control. Appellant seeks remand for resentencing. For the following reasons, appellant's sentence is vacated and the case is remanded for resentencing.
 STATEMENT OF THE CASE ¶ {2} Appellant was convicted of four drug trafficking offenses: a second degree felony, a third degree felony and two fourth degree felonies. He was sentenced to a total of eleven and one-half years in prison. At the January 9, 2006 sentencing hearing, after announcing the sentences, the court stated, "Upon your release from the penitentiary you'll be ordered to serve an additional term of up to three years of post-release control." (Tr. 34). The court then explained certain features of post-release control. (Tr. 34-35). On this topic, the January 13, 2006 sentencing entry stated merely, "Defendant was also advised pursuant to R.C. 2967.28."
¶ {3} Appellant filed timely notice of appeal, and this court affirmed his convictions in State v. Jones, 7th Dist. No. 06MA17, 2007-Ohio-7200. He then filed a timely application for reopening, which this court granted on June 26, 2008 as to the post-release control issue. We then appointed new appellate counsel. We accepted briefs from both appellant and counsel.
 ARGUMENTS ¶ {4} Appellant notes that a sentence for a second degree felony shall include a requirement that the offender be subject to a period of "three years" of post-release control imposed by the parole board after the offender's release from imprisonment. See R.C. 2967.28(B)(2). A sentence for a lesser degree felony shall include a requirement that the offender be subject to a period of post-release control of "up to three years" after the offender's release from imprisonment, if the parole board determines that a period of post-release control is necessary for that offender. R.C. 2967.28(C). *Page 3 
 ¶ {5} Appellant complains that, since one of his convictions was for a second degree felony, the trial court improperly advised him that the term of post-release control would be "up to three years" rather than the mandatory three full years. He urges that although the "up to three years" language may have been proper for the third and fourth degree felonies, it was insufficient notice regarding the second degree felony. Appellant also points out that the sentencing entry fails to impose a term of post-release control but merely states that notice was given under a statute. He then cites the various Supreme Court cases regarding a failure in post-release control notification and its effect on the validity of a sentence.
¶ {6} The state believes that a court satisfies its duty if it either provides notice regarding post-release control at sentencing or in its judgment entry and that the notice need only generally advise the defendant that post-release control exists. The state alternatively argues that the remedy for a failure is not resentencing but is merely an order for the trial court to issue a corrected entry, even if the failure is not merely in the entry but occurred at sentencing as well.
 LAW ANALYSIS ¶ {7} Pursuant to R.C. 2929.191, if prior to the July 11, 2006 effective date of the statute, the court imposed a sentence and failed to notify the offender that he will be subject to post-release control or to include a statement to that effect in the judgment, then any time before the offender is released from prison under that term, the court may use the statute to order a hearing and issue a corrected entry providing for post-release control. See, also, R.C. 2967.28(B) (speaking of the failure of a sentencing court to notify the offender at sentencing or to include post-release control in the judgment); 2929.19(B)(3)(c) (using similar language).
¶ {8} We stop here to point out that contrary to the state's contention, this language does not provide the option of providing the notice imposing post-release control in the entry or doing so orally. Rather, it requires notice at sentencing and in the entry because it states that if the court fails to do either, then further action is required before post-release control is valid. As will be seen below, case law also requires notice both at sentencing and in the entry.
¶ {9} Even before the enactment of these statutory provisions, the trial court has been permitted to sua sponte or at the urging of the state recall the prisoner for resentencing where it is discovered that sentencing was lacking in this regard as long *Page 4 
as his sentence has not yet terminated. See State ex rel. Crusado v.Zaleska, 11 Ohio St.3d 353, 2006-Ohio-5795 (noting that judge followed procedures of new statute, which was not yet in effect). See, also,State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197. This is because where post-release control is not mentioned at the sentencing hearing or where post-release control is not incorporated into a sentencing entry,the sentence is void and the defendant is subject to resentencing (if he has not yet been released from the sentence). State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 22-23.
¶ {10} There is also a standard procedure for those cases with faulty post-release control notifications that are pending on direct appeal. Specifically, where post-release control issues are raised on appeal and where the defendant has not yet been released from the relevant term of imprisonment, the reviewing court can remand for resentencing. See id. at ¶ 27, 40. See, also, State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, ¶ 16.
¶ {11} Contrary to the state's argument, the newly codified procedures in the aforementioned statutes for use when the trial court wishes to correct post-release control problems do not preclude remand for resentencing by a reviewing court in a direct appeal of that sentence. See id. The existence of R.C. 2929.191 and its related statutes did not affect the Supreme Court's remand decisions in pending direct appeals such as this. See, e.g., State v. Osborne, 116 Ohio St.3d 1228,2008-Ohio-261, ¶ 2; State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 16-17 (majority opinion). Cf. Bezak at ¶ 20 (O'Connor, J., dissenting) and ¶ 26-32 (Lanzinger, J., dissenting). As such, remand is still a permissible remedy where the court's imposition of post-release control was lacking. Thus, we proceed to answer the question of whether such imposition was lacking here.
¶ {12} As aforementioned, the court's oral language of "up to three years" is a statement that appellant may be subject to less than three years, possibly even no years, of post-release control. However, three years is a mandatory term of post-release control for the second degree felony. R.C. 2967.28(B)(2). This misinformation is a proper topic for a direct appeal. See Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, ¶ 51 (where the Court found that although the trial court's post-release control language which mistakenly includeddiscretionary language was not *Page 5 
cognizable in a habeas action as the lack of mandatory language couldhave been raised on appeal).
¶ {13} The Supreme Court's Osborne case is also enlightening. There, the Eighth District refused to vacate a sentence in a direct appeal of a case where (as here) the trial court had advised the defendant that he would subject to "up to three years" of post-release control rather than advising that he would be subject to the entire three years of post-release control. State v. Osborne, 8th Dist. No. 88453,2007-Ohio-3267, ¶ 39, citing Watkins, 111 Ohio St.3d 425. However, the Supreme Court summarily reversed that appellate decision underBezak and remanded the case. State v. Osborne, 116 Ohio St.3d 1228,2008-Ohio-261, ¶ 2.
¶ {14} Besides the problem with the erroneous notice provided at the sentencing hearing, there is also an issue here with the sentencing entry, and as aforementioned, resentencing is warranted where either the oral advice or the written advice is lacking. It has been held that a vague statement in a sentencing entry that the defendant understood the possibility of post-release control was not sufficient incorporation of this sentencing term. See Watkins, 11 Ohio St.3d 425 at ¶ 48, citingState v. Gensley, 110 Ohio St.3d 1474, 2006-Ohio-4474. Here the sentencing entry merely stated that appellant "was advised pursuant to R.C. 2967.28." This does not itself provide notice of post-release control; nor does it incorporate post-release control into the entry. See Jordan, 104 Ohio St.3d 21 at ¶ 22. Hence, the sentencing entry did not properly incorporate post-release control.
¶ {15} For the foregoing reasons, appellant's sentence is vacated and this case is remanded to the trial court for resentencing.
Waite, J., concurs.
 DeGenaro, J., concurs. *Page 1