[Cite as *State v. Williams*, 2010-Ohio-2702.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   09 BE 11 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| STEVEN PERRY WILLIAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas Court,
Case No. 07CR211.


JUDGMENT:                                    Affirmed in part; Vacated in part; Remanded.


APPEARANCES:
For Plaintiff-Appellee:                    Attorney Chris Berhalter
                                                   Prosecuting Attorney
                                                   147-A West Main Street
                                                   St. Clairsville, Ohio  43950


For Defendant-Appellant:              Attorney Keith O'Korn
                                                   1188 South High Street
                                                   Columbus, Ohio  43206


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


Dated:  June 14, 2010

VUKOVICH, P.J.

¶{1}   Defendant-appellant Steven Perry Williams appeals the judgment of the Belmont County Common Pleas Court, which sentenced him after he pled guilty to various offenses.   As appellant points out, the trial court informed appellant at sentencing and in the sentencing entry that post-release control would be discretionary where it was actually mandatory for the second degree felony offense of burglary. Due to this misinformation, the sentence for burglary is vacated, and the case is remanded for resentencing on that offense.   However, the sentencing decision on the other offenses is upheld as resting within the trial court's sound discretion.

STATEMENT OF THE CASE

¶{2}   Appellant pled guilty to the following eight felony offenses that he committed on separate occasions over a three-month period from August through October of 2007:  two fifth-degree felony breaking and entering counts regarding a market and a garage; three separate counts of fourth-degree felony vehicular theft; theft of a muzzleloader, a third degree felony; burglary of a house, a second degree felony; and fourth-degree felony arson.   He also stipulated to forfeiture of his vehicle. In formulating the plea agreement, the state agreed to recommend six years in prison and to not oppose judicial release after five years.

¶{3}   The court sentenced appellant to two years for burglary and one year for each of the other seven counts.   Six of the one-year sentences were run consecutively, and the burglary and arson sentences were run concurrently, for a total of six years in prison.   His truck was ordered forfeited, and he was ordered to pay restitution in the amount of $8,209.91.

¶{4}   At sentencing, the court ordered that appellant "may be subject to a period of supervision under post release control as the Parole Board may determine pursuant to law for a period of up to three years."  (Sent. Tr. 17).  The court's January 29, 2008 sentencing entry likewise stated, "As part of the Defendant's sentence in this case, and pursuant to R.C. 2929.67[1], upon completion of the prison term, [the]

---

[1] Note that R.C. 2929.67 is a non-existent statute; the court likely meant to refer to R.C. 2967.28, the post-release control statute.

offender may be subject to a period of supervision under Post-Release Control as the Parole Board may determine pursuant to law for a period of three (3) years."

¶{5} Appellant did not immediately appeal. However, he filed a motion for leave to file a delayed appeal, which this court granted.

ASSIGNMENT OF ERROR NUMBER ONE

¶{6} Appellant's first assignment of error provides:

¶{7} "THE TRIAL COURT ERRED WHEN IT ADVISED THE APPELLANT AT SENTENCING THAT HE MAY BE SUBJECT TO THREE YEARS OF POST-RELEASE CONTROL UPON HIS RELEASE FROM PRISON IN VIOLATION OF R.C. § 2967.28, THEREBY RENDERING APPELLANT'S SENTENCE VOID."

¶{8} Pursuant to R.C. 2929.19(B)(3)(c), when a court imposes a prison term at a sentencing hearing, the court shall notify the offender that he will be supervised under R.C. 2967.28 if he is being sentenced for a first or second degree felony, a felony sex offense, or a third degree felony where the offender caused or threatened physical harm to a person. Similarly, R.C. 2929.14(F)(1) states that if a court imposes a prison term for these categories of offenses, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after release from imprisonment. The mandatory term of post-release control for a second degree felony that is not a felony sex offense is three years. R.C. 2967.28(B)(2).

¶{9} Based upon these provisions, the Supreme Court has held that a felony sentence is void where it does not properly provide for post-release control. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶12, 16. A defendant who is still incarcerated can be resentenced in the event of such a lacking sentence. See id. at ¶18. This could be done by the trial court sua sponte or after the appellate court remands on the issue. Id. at ¶16; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197; *State ex rel. Crusado v. Zaleska*, 11 Ohio St.3d 353, 2006-Ohio-5795; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶27, 40.

¶{10} A trial court's statement that the defendant may be subject to post-release control of "up to three years" is a statement that the defendant may be subject to less than three years, possibly even no years, of post-release control. *State v. Jones*, 7th Dist. No. 06MA17, 2009-Ohio-794, ¶12. This is insufficient to impose mandatory post-release control. Id. See, also, *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶69. Thus, where post-release control was mandatory and the court

misadvised, at either the sentencing hearing or in the sentencing entry or both, that post-release control was discretionary, we have vacated the sentence and remanded for resentencing. Id.

¶{11} We recognize that our *Jones* case dealt with a sentence entered prior to the July 11, 2006 effective date of the 2006H137 amendments to the post-release control statutes. As aforementioned, one change was to specifically permit the trial court to sua sponte order a hearing prior to the prisoner's release in order to correct the faulty imposition of post-release control in sentences entered before July 11, 2006. R.C. 2929.191(A)(1). We concluded that a remand from an appellate court was an available remedy even though the new statute permitted the trial court to amend the sentence prior to the defendant's release from prison. *Jones*, 7th Dist. No. 06MA17 at ¶11, citing *State v. Osborne*, 115 Ohio St.3d 1228, 2008-Ohio-261, ¶2; *Bezak*, 114 Ohio St.3d 94 at ¶16-17 (majority) as compared to ¶20 (O'Connor, J., dissenting) and ¶26-32 (Lanzinger, J., dissenting).

¶{12} Yet, a different provision has been added to the three relevant post-release control statutes outlined at the beginning of this assignment of error. This new provision was inapplicable in *Jones* as it applies only to those sentences entered on or after July 11, 2006. Added to R.C. 2929.14(F)(1), R.C. 2929.19(B)(3)(c), and R.C. 2967.28(B) is a statement that on or after July 11, 2006, where a court imposes a prison sentence which is statutorily mandated to include post-release control, the failure of a court to notify the offender that he will be supervised or to include such language in the judgment entry "*does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender * * *.*" (Emphasis added).

¶{13} The Eighth District has read this language as invalidating the prior Supreme Court law that declared a sentence void if it failed to properly state the terms of post-release control at the sentencing hearing or in the sentencing entry. *State v. Walls*, 8th Dist. No. 92280, 2009-Ohio-4985, ¶10. The *Walls* Court found that as long as the parole board notifies the offender prior to his release from prison, then there is authority for imposing post-release control upon a prisoner's release. Id.

¶{14} The Ninth District has disagreed and continues to vacate sentences where the trial court improperly stated a discretionary rather than a mandatory term of post-release control for those sentenced even after the effective date of the

amendments. *State v. Thomas*, 9th Dist. No. 09CA9532, 2009-Ohio-6021, ¶2, 5. The dissent in *Thomas* expressed that the Supreme Court's prior analysis should not be extended to those sentenced after July 11, 2006 because although the statutes state that the court shall notify the offender and that the sentence shall contain post-release control, the amendments provide that the failure to do so does not negate the sentence. Id. at ¶10-11.

¶{15} This court has applied the prior Supreme Court analysis on void sentences to a sentence entered after the effective date of the statutory amendments without discussing the effect of the amendments. *State v. Berch*, 7th Dist. No. 08MA52, 2009-Ohio-2845, ¶3, 42-44. Although not cited by *Walls* or the *Thomas* dissent, it should also be noted that the Uncodified Law in 2006H137 specifies that the purpose of the amendments:

¶{16} "is to reaffirm that, under the amended sections as they existed prior to the effective date of this act: (1) by operation of law and without need for any prior notification or warning, every convicted offender sentenced to a prison term for first or second degree * * * always is subject to a period of post-release control after the offender's release from imprisonment pursuant to and for a period of time described in division (B) of 2967.28 of the Revised Code * * *."

¶{17} This language and that of the amendments appears to be an attempt by the legislature to negate the Supreme Court law on void sentences and the need to resentence. Still, the legislature added the language that the failure of the court to notify the offender or impose post-release control "*does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender*" while failing to delete the mandatory nature of the court's duty to notify the offender and to impose post-release control.

¶{18} The Supreme Court recently made pronouncements that seem to maintain its prior position on resentencing regardless of the legislative amendments. See *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462 (concerning the Barnes defendant). In that case, a defendant was originally sentenced prior to the amendments. However, he was resentenced after the amendments in order to fix an erroneous post-release control advisement. At resentencing, the trial court again failed to properly advise the defendant. Specifically, both the oral advisement and the sentencing entry failed to state the term of post-release control, and the written

sentencing entry stated only that the defendant "may" be subject to post-release control when in fact the control was mandatory.  Id. at ¶69.

¶{19} Since it is the August 2006 resentencing hearing and the subsequent order that the Supreme Court reviewed for the sufficiency of post-release control notification and imposition, this is a post-amendment case.  Besides stating that the trial court failed to comply with R.C. 2929.191 (for sua sponte resentencing of previously failed impositions), the Supreme Court declared that the trial court also failed to comply with prior Supreme Court precedent.  Id. at ¶69.  The Court announced:  "Furthermore, in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced.  Imposition of punishment is a function of the judicial branch of government." Id. at ¶71.

¶{20} The *Bloomer* Court recognized that the legislature amended R.C. 2929.14(F)(1) to add the language that the failure to include post-release control in a sentence does not negate, limit, or otherwise affect the mandatory period of post-release control.  Id. at ¶72.  Immediately thereafter, the Court pronounced:

¶{21} "Nothing in that division, however, provides that the executive branch may impose postrelease control if the sentencing court has not ordered it, nor does its language conflict with our precedent.  However, a sentencing court must impose postrelease control before an offender completes the stated terms of imprisonment." Id.

¶{22} Barnes was then discharged from post-release control because the post-amendment resentencing was improper and because Barnes had since been released.  Id. at ¶72-73.

¶{23} Thus, whatever the legislature attempted to accomplish with its amendments (stating that post-release control is not negated by the sentencing court's failures), the Supreme Court does not believe that the amendments mean that post-release control is automatic upon release regardless of the sentencing court's failures.  As such, remand for resentencing is still a proper remedy on direct appeal.

¶{24} Although we vacated and remanded the entire sentence in *Jones*, this is not technically required.  That is, in *Bezak*, the Supreme Court pointed out that if the post-release control notification was only improper on one count of a multiple-count sentence, then only the count with the improper notification needs remanded for

resentencing. *Bezak*, 114 Ohio St.3d 94 at ¶14-17, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245. "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that offense." Id. at ¶16.

¶{25} Here, appellant only contests the content of the post-release control notification regarding one second degree felony, which should have carried a mandatory three-year term of post-release control as opposed to the discretionary term imposed by the court. See R.C. 2967.28(B)(2). The other seven counts were subject to discretionary post-release control of up to three years *as advised by the trial court*. See R.C. 2967.28(C). Consequently, we vacate the sentence for burglary, and remand solely for resentencing on that offense. We proceed to address only the sentences imposed upon the remaining offenses.

ASSIGNMENT OF ERROR NUMBER TWO

¶{26} Appellant's second assignment of error contends:

¶{27} "APPELLANT'S SENTENCE CONSTITUTED AN ABUSE OF DISCRETION."

¶{28} After the Ohio Supreme Court's split decision in *Kalish*, we review sentences using both the clearly and convincingly contrary to law standard of review and the abuse of discretion standard of review. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17, applying *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz*, 7th Dist. No. 08MA101 at ¶8. If the sentence is not clearly and convincingly contrary to law, we determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11 and R.C. 2929.12. Id.

¶{29} In this assignment, appellant asks us to conduct only an abuse of discretion review concerning R.C. 2929.11 and R.C. 2929.12. He complains that he received the maximum sentence of one year on the two breaking and entering counts and that six out of eight counts were run consecutively. He notes that he had no prior felony record and that this was his first foray into criminal activity involving victims. He complains that the court treated him as a repeat offender due to the fact that he pled to

eight offenses. Appellant points out that the offenses were not physically violent. He also contests the court's belief that he was not remorseful.

¶{30} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for: incapacitating the offender; deterring the offender and others from future crime; rehabilitating the offender; and making restitution. Id. A sentence shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim. R.C. 2929.11(B). The sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 and shall consider whether any seriousness and recidivism factors are relevant. R.C. 2929.12(A).

¶{31} As for the listed seriousness factors, appellant caused serious economic harm to the family whose truck he stole when he purposely totaled it by pushing it over a cliff. See R.C. 2929.12(B)(2). Regarding another one of the stolen vehicles, he alighted from a stolen bike with plans to steal the first available vehicle. He then attempted to enter various vehicles until he found an easy target, which he soon ran into a ditch. The arson offense related to stolen scrap metal. His relationship with the victims facilitated the two different breaking and entering charges. See R.C. 2929.12(B)(6). None of the factors that make an offense less serious are applicable. See R.C. 2929.12(C).

¶{32} Regarding the recidivism factors, it was conceded that he had prior instances of underage consumption and a prior paraphernalia charge. (Sent. Tr. 3). As appellant emphasizes, he does not have a felony record. However, he is only nineteen, and he has been on a felony crime spree. Contrary to appellant's suggestion, the court did not abuse its discretion in considering the fact that these eight offenses occurred separately over a three-month period. It cannot be said that appellant is generally law-abiding. In fact, he committed an offense while out on bail from the Western Division court. (Sent. Tr. 4). Plus, he seemed to admit to committing more crimes than he was charged with.

¶{33} The court also determined that appellant demonstrated a pattern of drug or alcohol abuse that is related to the offense and he failed to make a good faith attempt at treatment. See R.C. 2929.12(A) (and any other relevant factor), (D)(4). He

admitted to using alcohol, marijuana, cocaine, and crystal meth and to addictions regarding most of these substances. Although appellant expressed remorse on the record, the court opined that he failed to show genuine remorse. See R.C. 2929.12(D)(5). His credibility in expressing his remorse is primarily the province of the trial court. Notably, he blamed his offenses on friends and drugs. He claimed he committed the offenses in order to get money to buy drugs. However, as the state pointed out, the stealing of vehicles, the totaling of a vehicle, the running of another vehicle into a ditch, and the arson were not performed for money.

¶{34} In conclusion, the trial court's decision to impose maximum one-year sentences for the breaking and entering charges is not an abuse of discretion. As aforementioned, he used a relationship with the victim to facilitate the offenses, and he also stole multiple items after breaking and entering. It is also reasonable to find that appellant has highly recidivistic tendencies.

¶{35} The running of six one-year sentences consecutively may appear harsh to appellant. However, the court did give him concurrent sentences for the burglary and arson charges, two very serious offenses. Additionally, all eight counts represented separate and unrelated incidents. Moreover, there is no longer special fact-finding required for maximum or consecutive sentences. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, syllabus ¶7. Rather, the court has discretion to fashion sentences and run them consecutively without regard to statutorily-listed findings of fact. Id. Under the totality of the circumstances existing here, the sentences fall within the trial court's sound discretion.

<u>ASSIGNMENT OF ERROR NUMBER THREE</u>

¶{36} Appellant's third assignment of error alleges:

¶{37} "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION."

¶{38} Appellant merely argues here that his counsel was ineffective at sentencing for failing to make the arguments now raised in the previous two assignments of error. Because neither of those assignments raised errors that were waived, this assignment of error is without merit. That is, trial counsel does not waive appellate review of proper post-conviction sentencing or the issue of whether a sentence is an abuse of discretion or otherwise contrary to law; these issues are

appealable notwithstanding the failure to complain to the trial court about the sentence. In any event, the result of this assignment is dependent upon our review within each assignment of error. Therefore, this assignment is subsumed by our resolution of the prior assignments.

¶{39} For the foregoing reasons, appellant's sentence for burglary is vacated, and the case is remanded for resentencing on that offense only. The sentencing decision entered on the other offenses is hereby affirmed.

Donofrio, J., concurs.
DeGenaro, J., concurs.