[Cite as *State v. Hutter*, 2018-Ohio-3488.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RAYMOND HUTTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0152**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 06 CR 305

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
REVERSED; POSTRELEASE CONTROL VACATED

---

*Atty. Ralph Rivera*, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Appellee and

*Atty. Attorney Edward Czopur*, 42 North Phelps Street, Youngstown, Ohio 44503, for Appellant.

Dated: August 29, 2018

**BARTLETT, J.**

{¶1} Defendant-Appellant, Raymond Hutter, appeals the September 27, 2017 decision of the Mahoning County Court of Common Pleas denying his Motion to Vacate Postrelease Control.

{¶2} For the following reasons, Appellant's sole assignment of error has merit. Appellant was improperly notified of postrelease control, and he has completed his original term of imprisonment. Accordingly, the portion of the sentencing entry imposing postrelease control against Appellant is vacated.

FACTS AND PROCEDURAL HISTORY

{¶3} Appellant was indicted for two counts of rape, in violation of Revised Code Section 2907.02 (A)(1)(b)(B), two counts of gross sexual imposition, in violation of Revised Code Section 2907.05(A)(4)(B), and two counts of disseminating matter harmful to juveniles, in violation of Revised Code Section 2907.31(A)(1)(F). Pursuant to a plea agreement, counts one and two were amended to rape, in violation of 2907.02(A)(1)(b), both felonies of the first degree, and the remaining counts were dismissed.

{¶4} On September 23, 2008 Appellant executed a Plea of Guilty form and appeared at his Change of Plea Hearing before the trial court. The Plea of Guilty form dated September 23, 2008, states the following with regard to postrelease control:

> If the court imposes a prison sanction, I may be subject to a period of supervision known as post-release control (PRC) following release. The control period may be a maximum of five years. A violation of any PRC rule or condition can result in a more restrictive sanction while released, an increased duration of PRC up to the maximum set out above and/or re-imprisonment which can be imposed in segments of thirty, sixty, or ninety days up to nine months. But the time cannot exceed a maximum of one-half of the total term imposed for all the offenses set out above. If I commit another felony while under PRC, I may be subject to an additional prison term consisting of the maximum period of unserved time remaining

on PRC or twelve (12) months, whichever is greater. This prison term must be served consecutively to any term imposed for the new felony following conviction.

(9/23/08 Plea of Guilty at 4-5).

{¶5} Appellant entered guilty pleas to two counts of rape, each being a felony of the first degree. (9/23/08 Tr. 9). The trial court advised Appellant of mandatory postrelease control at that Change of Plea hearing:

> **The Court**: Prison is presumed, and if the Court that sentences you imposes a prison sanction, you may be subject to a period of post-release control following your release. Well, he will be. It's five years. It's mandatory?
>
> **Mr. Zena**: Yes.
>
> **The Court**: If you violate the post-release control, the terms and conditions set by the Adult Parole Authority, you can be sent back for nine months. They can accumulate these nine month periods of sentence up to one half of your original sentence. Do you understand that?
>
> **The Defendant**: Yes, Your Honor.
>
> **The Court**: Okay. If you are convicted of another felony while on post-release control, in addition to the sentence for the new felony, you can be sent back on these charges for one year or whatever is remaining on your post-release control, whichever is longer. Do you understand that?
>
> **The Defendant**: Yes, Your Honor.
>
> **Mr. Zena**: Your Honor, I'm going to interrupt. You were correct. This is the compelling section, so it is mandatory also.
>
> **The Court**: That's what I thought.

**Mr. Zena**: I'm sorry, you're right, Your Honor. I was not thinking properly. This is under –

**Ms. Frenchko**: I was going to say.

**The Court**: As long as you know it's mandatory prison.

**Mr. Zena**: He understands that probation or community control is not an option.

(9/23/08 Tr. 7-8).

{¶6} At the sentencing hearing held on February 5, 2009, Appellant was sentenced to ten (10) years on each count, with those sentences running concurrently, for a total term of ten (10) years. (2/5/09 Tr. 10). At the hearing, the trial court stated:

In addition, thereto, I have an obligation to advise you that upon your completion of your jail sentence, your prison sentence you would then be subject to postrelease control for – in this case it will be anywhere from three to five years.

(2/5/09 Tr. at 11).

{¶7} The trial court's entry addressed postrelease control, in pertinent part:

In addition, as part of this sentence, post release control shall be imposed up to a maximum period of five (5) years. Any violation of post release control could result in the Defendant being returned to prison for a period of up to nine (9) months, with a maximum period for repeated violations that could equal up to fifty (50) percent of the stated term. If the violation is a new felony the Defendant may be returned to prison for the remaining period of post release control, or twelve (12) months, whichever is greater, in addition to receiving a consecutive prison term for the new felony offense.

(2/11/09 JE at 2).

{¶8} Appellant subsequently completed his prison terms and was released on

Case No. 17 MA 0152

July 9, 2016, subject to postrelease control supervision.

{¶9} Appellant filed his Motion to Vacate Postrelease Control on July 12, 2017. On September 27, 2017, the trial court overruled that motion, stating that the Court "properly advised [Appellant] of the fact that he would be subject to a mandatory Post Release Control prison sanction." (9/27/17 JE). The trial court further stated that the Court "placed on the record the elements of Post Release Control that applied to [Appellant] and thus satisfied the standard set in *State v. Grimes,* 2017-Ohio-2927". (9/27/17 JE).

{¶10} Appellant filed the instant appeal.

### Assignment of Error

Appellant argues the trial court failed to properly impose postrelease control at the time of sentencing which voids that portion of Appellant's sentence.

{¶11} Appellant argues that the use of the term "up to" in the sentencing judgment entry in this case is similar to the language criticized in *State v. Williams,* 7th Dist. No. 09 BE 11, 2010-Ohio-2702, and is an insufficient imposition of postrelease control. Appellee argues that the trial court properly notified Appellant at the sentencing hearing, and properly incorporated the necessary notifications into the sentencing entry.

{¶12} A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 942 N.E.2d 332, 2010-Ohio-6238, 128 Ohio St.3d 92, ¶ 1. In Ohio, the notices regarding postrelease control must be delivered directly to the defendant at the plea hearing or at the sentencing hearing, as well as in the sentencing judgment entry. *State v. Wells,* 7th Dist. No. 14 JE 5, 2014-Ohio-5504, ¶ 10, citing *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18; *Woods v. Telb,* 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), paragraph two of the syllabus; *State v. Mock,* 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶ 45 (7th Dist.). Unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease

control was to be imposed, postrelease control cannot be imposed. *State v. Baird,* 7th Dist. No. 15 MA 0155, 2016-Ohio-8211, ¶ 17, citing *State v. Bundy,* 7th Dist. No. 12 MA 86, 2013-Ohio-2501, ¶ 16, quoting *Qualls, supra* at ¶ 16. Moreover, once an offender has been released from prison, it has been consistently held that he/she cannot be subjected to another sentencing to correct a trial court's flawed imposition of postrelease control. *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 11, citing *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70; and *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus and ¶ 38.

{¶13} In *Wells, supra,* the Defendant alleged that there were errors in both the sentencing hearing and the sentencing judgment entry, and requested that the court declare his postrelease control as void. *Id.* at ¶ 5. The sentencing entry stated: "[up]on completion of the prison term, the offender shall be subject to such further period of supervision being under post-release control as the parole board may determine pursuant to law." *Id.* at ¶ 9. The *Wells* Court stated that the trial court's notice in the sentencing entry correctly stated that Defendant shall be subject to postrelease control, but failed to state that the length of the postrelease control shall be five years. *Id.* at ¶ 12. The Court further noted that "[t]he Supreme Court has determined that the notice was insufficient without mentioning the length of postrelease control." *Id.,* citing *Bloomer, supra*, at ¶ 69.

{¶14} In *Williams,* the appellant had pled guilty to eight felony offenses, including a burglary offense. *Id.* at ¶ 2. The *Williams* court sentenced the appellant to two years for the burglary and one year for each of the other seven counts, with six of the one year offenses to run concurrently and the burglary and arson sentences to run concurrently, for a total of six years in prison. *Id.* at ¶ 3. At the sentencing hearing, the court ordered that appellant "may be subject to a period of supervision under post release control as the Parole Board may determine pursuant to law for a period of up to three years." *Id.* at ¶ 4. The sentencing entry repeated the exact language regarding postrelease control. *Id.*

{¶15} The *Williams* court noted that a mandatory three year term of postrelease control was required in that case. *Id.* at ¶ 8, citing R.C. 2967.28(B)(2). The court cited

*State v. Jones,* 7th Dist. No. 06 MA 17, 2009-Ohio-794, for the proposition that "a trial court's statement that the defendant may be subject to post-release control of 'up to three years' is a statement that the defendant may be subject to less than three years, possibly even no years, of post-release control" and as such is insufficient to impose mandatory post-release control. *Id.* at ¶ 10. The language at the sentencing hearing as well as the sentencing entry in *Williams* both stated "offender **may** be subject to a period of supervision * * * as the Parole Board **may** determine * * *." This consistently demonstrates the discretionary nature of the language used in that case rather than the mandatory term that was required. Likewise, the language used in the sentencing hearing in *Jones, supra*, stated "upon your release from the penitentiary you'll be ordered to serve an additional term of up to three years of post-release control." *Jones, supra* at ¶ 2. The sentencing entry in *Jones* did not restate the terms of postrelease control, but merely stated that the "defendant was also advised pursuant to R.C. 2967.28." *Id.*

{¶16} Similarly, the Appellant herein was advised of postrelease control at his change of plea and sentencing hearings. However, the information provided at the two hearings was inconsistent and failed to advise Appellant of the mandatory five year period of postrelease control. Appellant executed a Plea of Guilty form that advised of postrelease control, but that advisement was stated in purely discretionary terms, stating that Appellant "may be subject to a period of supervision…the control period may be a maximum of five years." (Plea of Guilty Form at 4). The trial court then accurately advised Appellant at the change of plea hearing that he would have a mandatory period of postrelease control for five years, but at the sentencing hearing, the trial court stated that Appellant "would then be subject to postrelease control * * * anywhere from three to five years." (9/23/08 Tr. 11). The Appellant was not accurately informed of the time period of postrelease control. Additionally, in the sentencing entry, the trial court stated that postrelease control "shall be imposed up to a maximum period of five (5) years", again failing to accurately inform Appellant that his term of postrelease control is a mandated five (5) years.

{¶17} Appellee relies upon *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700 (2017), in support of its contention that the trial court properly advised

the Appellant at the sentencing hearing and incorporated the necessary notifications into the sentencing entry. It was undisputed in *Grimes* that the trial court properly advised of postrelease control at the sentencing hearing, and the analysis turned to whether the sentencing entry properly notified of the consequences of violating postrelease control. *Id.* at ¶ 2, 6. The Court held that in order to validly impose postrelease control when the trial court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute. *Id.* at ¶ 1.

{¶18} Notably, the *Grimes* Court held that "our holding is limited to those cases in which the trial court makes the proper advisements to the offender at the sentencing hearing." *Id.* at ¶ 20. In the instant case, there were errors at the sentencing hearing and in the sentencing entry. At the hearing, Appellant was provided a range of "three to five years" which does not accurately inform Appellant of his postrelease control, since a mandatory five year period was applicable to his case. In addition, the sentencing entry imposed a time period of "up to five years" which can be construed to mean a shorter time period than the five year mandatory period which should have been imposed. The language used at the sentencing hearing and in the sentencing entry did not accurately advise Appellant of the duration of the postrelease control period, and further raised questions as to whether the postrelease control was mandatory or discretionary.

{¶19} Other districts have held that a trial court's sentencing entry that stated "postrelease is mandatory in this case up to a maximum of five years" failed to properly impose postrelease control and reversed and remanded for limited resentencing for postrelease control. *State v. Gaut,* 11th Dist. No. 2010-T-0059, 2011-Ohio-1300, ¶ 20-21; citing *State v. O'Neal,* 9th Dist. No. 09CA0045-M, 2010-Ohio-1252, ¶ 6 (finding that the trial court's statement at sentencing hearing that "prison authority could put on postrelease control for up to five years" and the sentencing entry which stated that

"postrelease control is mandatory up to a maximum of five years" did not conform to the statutory requirement); *State v. Ingram,* 9th Dist. No. 09CA0020-M, 2009-Ohio-6371, ¶ 6 (refusing to address merits of appeal, court held that the journal entry was void and remanded for a sentencing hearing due to improper notification in the entry stating "postrelease control is mandatory in this case up to a maximum of 5 years").

**{¶20}** Here, the Appellant was not sufficiently informed of the period of postrelease control based upon the differing language between the sentencing hearing and the sentencing entry. Appellant was advised as to postrelease control, that "it will be anywhere from three to five years" at the sentencing hearing, and then in the sentencing entry that postrelease control would be imposed "up to a maximum period of five (5) years." Both references to the time period of postrelease control could leave the Appellant believing that his postrelease control period could be 3, 4 or 5 years in length. This does not constitute sufficient notice to Appellant, since he should have been advised that postrelease control was mandatory for a five year period.

**{¶21}** Lastly, due to the fact that Appellant has completed his prison term, he cannot be subjected to resentencing to correct the flawed imposition of postrelease control. *See State v. Wells,* 7th Dist. No. 16 JE 0033, 2017-Ohio-7763, ¶ 15 (discharging defendant from postrelease control since his prison sentence had been completed, where sentencing transcript was not provided for review, but sentencing entry was clearly erroneous since the duration of postrelease control was not specified); *State v. Davis,* 7th Dist. No 15 BE 0034, 2016-Ohio-7319, 71 N.E.3d 1254, ¶ 10-11 (reversing for a limited resentencing regarding postrelease control where the sentencing entry and hearing both stated a postrelease control period of "up to three years" rather than the mandatory three year period that was required).

**{¶22}** For the foregoing reasons, the sole assignment of error is meritorious and the judgment of the trial court denying Appellant's motion to vacate is reversed. Appellant was improperly notified of postrelease control, and he has completed his original term of imprisonment. Accordingly, the portion of the sentencing entry imposing postrelease control against Appellant is vacated.

**Donofrio, J., concurs.**

**Robb, P.J., concurs.**

Case No. 17 MA 0152

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the trial court denying Appellant's motion to vacate is reversed and the portion of the sentencing entry of the Court of Common Pleas of Mahoning County, Ohio, imposing postrelease control against Appellant is vacated. Costs are waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 17 MA 0152</u>