[Cite as *State v. Stewart*, 2013-Ohio-753.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 195 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TROMMONE STEWART | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:                   Criminal Appeal from the Court of
                                            Common Pleas of Mahoning County,
                                            Ohio
                                            Case No. 00 CR 1184A

JUDGMENT:                                   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                     Atty. Paul J. Gains
                                            Mahoning County Prosecutor
                                            Atty. Ralph M. Rivera
                                            Assistant Prosecuting Attorney
                                            21 West Boardman Street, 6th Floor
                                            Youngstown, Ohio  44503

For Defendant-Appellant:                    Trommone Stewart, Pro se
                                            #424-224
                                            Mansfield Correctional Institution
                                            P.O. Box 788
                                            Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                            Dated:  March 1, 2013

WAITE, J.

{¶1} Appellant, Trommone Stewart, pleaded guilty to one count of attempted murder and one count of attempted manslaughter in 2002. Both counts included firearm specifications. The judgment entry sentencing Appellant to a total of twenty-five years for the two crimes and two firearm specifications failed to inform Appellant that he would be subject to post-release control. Appellant filed a pro se "motion for sentencing" in 2011, seeking to have his sentence declared void due to this omission. The trial court held a hearing on Appellant's motion and subsequently issued a nunc pro tunc entry that corrected the original entry by including post-release control information. Appellant then filed a pro se motion to withdraw his guilty plea alleging additional irregularities in his original 2002 sentencing hearing and his resentencing, which the trial court denied. Appellant has not identified any material in the record that supports his claims of irregularities in either hearing and his appeal of the trial court's decision to deny his pro se motion is upheld.

Factual and Procedural History

{¶2} On December 14, 2000, Appellant was indicted on charges of complicity to murder in violation of R.C. 2923.03(A)(2) and 2903.02(A)(D) with a firearms specification, R.C. 2941.145(A); two counts of complicity to attempted murder, in violation of R.C. 2923.03(A)(2)(F), 2023.02(A)(E) and 2903.02(A)(D) with firearm specifications, R.C. 2941.145(A); two counts of attempted murder, R.C. 2923.03(A)(2) and 2923.02(A)(D), with firearm specifications, R.C. 2941.145(A); and one count of murder, R.C. 2923.02(A)(D) which carried a penalty of fifteen years to life. According to the indictment, Appellant "did purposefully cause the death of

Thomas Brown" and "did purposefully attempt to cause the death of Clinton Brown." (12/14/00 Indictment.)

{¶3} Appellant waived his speedy trial rights and the matter continued through discovery and various motions for continuance until February of 2002. On February 1, 2002, the trial court apparently held a plea hearing, which was followed by a sentencing hearing on February 2, 2002. No transcript of either hearing appears in the record.

{¶4} On March 6, 2002 the trial court filed a judgment entry. According to the entry, pursuant to a Crim.R. 11 agreement Appellant pleaded guilty to an amended indictment which included one count of involuntary manslaughter, in violation of R.C. 2903.04(A)(C), a first degree felony with a firearms specification. The victim of this first offense was Thomas Brown. Appellant also pleaded guilty to one count of attempted murder, in violation of R.C. 2923(A)(E), a first degree felony, with a firearms specification. The victim of this second offense was Clinton Brown. One remaining count apparently in the amended indictment was dismissed. The court found that Appellant's offenses represented the most serious form of the crimes charged. According to the court, Appellant stipulated to the imposition of the sentence imposed: ten years of imprisonment for involuntary manslaughter plus an additional three years of mandatory imprisonment for the firearms specification on the involuntary manslaughter charge; nine years for attempted murder with an additional mandatory three years for the firearms specification on this charge. The court ordered all time to be served consecutively and stated that Appellant was "given

notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08." (3/6/02 J.E., p. 2.)  The order did not include any indication that Appellant would be subject to post-release control.

**{¶5}**  On July 20, 2011, more than nine years after his sentencing hearing, Appellant filed a "motion for sentencing" and claimed his original sentence was void because the entry imposing his sentence did not include information concerning post-release control.  Appellant conceded in his motion that he pleaded guilty on all counts in the amended indictment, signed a plea agreement, and waived the preparation of a pre-sentencing report.  Appellant claimed, however, that the March 6, 2002 judgment entry regarding his sentence had never been journalized.

**{¶6}**  On October 13, 2011 the trial court held a hearing on Appellant's motion for sentencing.  The trial court discussed the original sentence and acknowledged that the judgment entry did not include a statement informing Appellant that he would be subject to post-release control on each count.  The trial court also heard Appellant's pro se argument concerning his sentence and gave Appellant the opportunity to supplement his statements.  The trial court informed Appellant that post-release control was mandated by statute for both attempted murder and involuntary manslaughter.

**{¶7}**  On October 18, 2011, the trial court issued a nunc pro tunc entry correcting and supplanting the original sentencing entry.  In the nunc pro tunc entry, the trial court acknowledged the original guilty plea, imposed the same sentence, and included the proper notification concerning post-release control.

**{¶8}** On October 18, 2011, Appellant filed a pro se motion to withdraw his 2002 guilty plea. Appellant filed this appeal from the trial court's November 2, 2011 entry denying his motion to withdraw his guilty plea.

Argument and Law

Assignment of Error No. 1

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT OVERRULED TROMMONE STEWART'S MOTION TO WITHDRAW GUILTY PLEA.

Assignment of Error No. 3

THE TRIAL COURT COMMITTED PLAIN, PREJUDICIAL, AND REVERSIBLE ERROR WHEN IT FAILED TO VACATE THE VOID JUDGMENT.

**{¶9}** As a preliminary matter, Appellant contends that the trial court's original March 6, 2002 sentencing entry was not journalized and is therefore void. The judgment entry itself appears in the record, is signed by the judge, and sets forth in writing the decision of the court. The clerk of court's dated stamp appears in the upper right hand corner of the entry, indicating that it was filed with the clerk on March 6, 2002. "To journalize a decision means that certain formal requirements have been met, *i.e.*, the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington*, 36 Ohio App.3d 76, 78 (1987). The original sentencing entry in

this matter meets with these requirements and is not void for any defect in journalization.

{¶10} Criminal Rule 32.1 governs the withdrawal of a guilty or no contest plea. Ordinarily a motion to withdraw a plea may be made only prior to sentencing, however, the trial court is permitted to "set aside the judgment of conviction and permit the defendant to withdraw his or her plea" to "correct manifest injustice." A defendant seeking to withdraw a plea after the imposition of sentence "has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 47 N.E.2d 627 (1985).

{¶11} When a defendant seeks to withdraw a guilty plea the request is "addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith, supra*, paragraph two of the syllabus. The review of a trial court's decision in these matters "is somewhat limited as a motion made pursuant to Crim. R. 32.1 is left to the sound discretion of the trial court. It is that court which determines the credibility of a defendant's claim in support of the motion." *Caraballo* at 67, citing *Smith*, *supra*, paragraph two of the syllabus. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of

the movant and militating against the granting of the motion." *Id.*, paragraph three of the syllabus, also *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-5643, 773 N.E.2d 522, ¶14. "Under Crim.R. 11(B)(1), '[t]he plea of guilty is a complete admission of the defendant's guilt' * * * 'a counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case." (Internal citation deleted.) *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶92, citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. In cases involving non-capital offenses, where the death penalty is not sought by the prosecution, a guilty plea waives any challenge to the sufficiency of the evidence.

{¶12} Appellant contends that he should be allowed to withdraw his 2002 plea because he was not informed that post-release control would be imposed for both of the counts in the amended indictment. Appellant is correct that the original sentencing entry does not include any statement concerning post-release control. Any discussion of the effect of a plea and the penalty to be imposed would have taken place during his plea hearing. Although Appellant concedes that he received a plea hearing and concedes that he was present during the hearing, and acknowledges that he entered a plea pursuant to a plea agreement during this hearing, he has not submitted a transcript of that hearing in the record to allow the trial court or this Court to evaluate his new claims concerning irregularities that may have occurred during the hearing. Under these circumstances, the only irregularity demonstrated by the record has been corrected in his resentencing hearing and the nunc pro tunc entry informing him of his post-release control. "[W]here a sentence is

void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶10.

{¶13} Where, as here, the omission of post-release control is the only apparent defect in an entry, "the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the postrelease control." *Id.* at ¶17. The remainder of the sentence "remains valid under the principles of res judicata." *Id.* "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence." *Id.* at ¶25. For these reasons, Appellant was entitled to an entry that included notice to Appellant that he was subject to post-release control sanctions. Appellant received a new sentencing hearing in 2011, a transcript of which does appear in the record. During his second sentencing hearing, Appellant was clearly informed on the record that post-release control was a component of his sentence. The court then issued a nunc pro tunc entry that contained all statutorily required elements of sentencing. Pursuant to *Fischer*, Appellant has received his remedy. Because a motion for a corrected sentence presupposes a valid conviction existed in the first instance, it cannot be used to challenge any aspect of pre-sentencing proceedings.

{¶14} Since Appellant received the appropriate remedy for the defect in his original sentencing entry, but apparently not the remedy he sought, Appellant then

filed a motion to withdraw his 2002 guilty plea. The validity of a challenged plea rests solely on whether the plea itself was knowingly, voluntarily, and intelligently entered by a defendant who understood the charges against him or her, in compliance with Crim.R. 11(C). For this reason the only issue before a court when considering a motion to withdraw a plea is whether the record reflects that all the necessary information was provided to a defendant and that the defendant sufficiently understood the charges and the effect of his or her plea.

{¶15} To reduce the extent to which an exercise of discretion is necessary to evaluate the quality of a plea, Crim.R. 11 requires a colloquy between the trial court and the defendant entering a plea. "Crim. R. 11 * * * remedies the problems inherent in a subjective judgment by the trial court as to whether a defendant has intelligently and voluntarily waived his constitutional rights and ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandably and voluntarily made." Crim.R. 11; *State v. Stone*, 43 Ohio St.2d 163, 167-168, 331 N.E.2d 411 (1975). The presence of a Crim.R. 11 colloquy in the record "does not absolutely immunize a guilty plea from collateral attack," *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), but "a record reflecting compliance with Crim.R. 11 has greater probative value than contradictory affidavits." *State v. Calhoun*, 86 Ohio St.3d 279, 288-289, 714 N.E.2d 905 (1999). For these reasons, our review of a motion to withdraw a plea must begin with a review of the record to determine whether the trial court conducted the necessary colloquy. Here, however, Appellant

has provided nothing to review. No transcript of a plea hearing was entered in the record. Appellant's 2011 praecipe for the transmission of the record reflects that, although he filed a motion to withdraw his 2002 plea, Appellant requested only a transcript of his 2011 resentencing hearing, not his original sentencing hearing. Appellant's decision not to provide the evidence required to support his motion results in a complete failure to satisfy his burden.

{¶16} Absent a record which supports Appellant's claims, "all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity and legality of the proceeding below." *In re Sublett*, 169 Ohio St. 19, 20, 157 N.E. 2d 324 (1959). Hence, without a transcript we must presume the regularity of the proceedings. This presumption extends to the trial court's colloquy pursuant to Crim.R. 11(C). Where there is no demonstration "on the record that the trial court failed to comply substantially with [the criminal rules] in a manner reasonably intelligible to [the] defendant during the hearing when it accepted his * * * plea * * * the presumption of regularity * * * must prevail." *State v. Summers*, 3 Ohio App.3d 234, 237, 444 N.E.2d 1041 (1981), *see also State v. Muhleka*, 7th Dist. No. 05 BE 4, 2005-Ohio-6447, ¶18. For these reasons the trial court was correct to overrule Appellant's motion to withdraw his guilty plea. Appellant's first and third assignments of error are overruled as they rely on alleged defects in the trial court's colloquy during his 2002 plea hearing.

{¶17} In addition to alleging that defects existed in his 2002 plea hearing, Appellant bases his motion to withdraw his guilty plea on conversations he alleges

occurred at the time of his resentencing in 2011. These alleged conversations did not occur in the courtroom and, thus, do not appear on the record. Appellant argues that in these conversations he received ineffective assistance of counsel which should result in voiding the judgment against him. Appellant is incorrect as to the effect of these conversations for a myriad of reasons. Appellant's claim of ineffective assistance of counsel relies in part on an a meeting alleged to have taken place with counsel in September 2011, prior to his hearing on the motion for resentencing. Appellant claims that due to his use of certain drugs, he did not understand counsel's advice given at that time. While the denial of a post-sentencing motion to withdraw a guilty plea may be directly appealed, Appellant's claim concerning alleged conduct in 2011 raises issues that are outside the record which ordinarily cannot be evaluated on direct appeal. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. More importantly, despite the fact that these claims are not properly before us, even if they had been properly raised the effectiveness of counsel in 2011 and Appellant's mental state at that time have absolutely no bearing on the validity of a plea entered in 2002. To the extent that Appellant's first and third assignments of error rely on events alleged to have occurred outside of the record in 2011, both assignments are overruled.

{¶18} Finally, in Appellant's motion to withdraw his guilty plea he alleges the existence of an off the record conversation between the prosecutor, defense counsel, and the court, to which he was not a party. Appellant claims that after this private, off the record, discussion, counsel instructed him to agree with everything the court said.

Appellant's motion does not specify whether the off the record conversation and instruction occurred in 2011 during resentencing or in 2002 at the time he entered his plea and was originally sentenced. However, it appears that Appellant may be referring to his original plea, because in his motion he later claims that he was "never [advised] by [counsel] of what was actually taking place so fast back on February 1, 2002." (10/18/11 Motion to Withdraw Plea, Tr., p. 2.) Appellant provides no evidence in any form to support his allegations. Appellant does not even attempt to provide his own affidavit in support. Bearing in mind that these unsworn statements have no evidentiary significance, and are wholly unsupported by the material in the record, it appears that Appellant is alleging that he was tricked by counsel into entering his plea. What Appellant describes is not a claim that can be made on direct appeal of his motion to withdraw his plea because "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Hill*, 90 Ohio St.3d 571, 572, 740 N.E. 2d 282 (2001).

{¶19} To the extent that Appellant now contends that he entered his guilty plea in 2002 due to some trickery amounting to ineffective assistance of counsel and the material on which he relies for this contention would not appear in the record even had he filed the appropriate transcripts, his remedy lies solely by means of a petition for post-conviction relief under R.C. 2953.21. R.C. 2953.21(A)(1)(a); *Coleman*, *supra* at 134: "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the post[-]conviction remedies of

R.C. 2953.21." We note, however, that such a claim on Appellant's part is facially untimely, and he would be required to identify an applicable exception to R.C. 2953.21(A)(2) to attempt to establish the trial court's jurisdiction over the matter. Even if Appellant is able to establish jurisdiction, he must then provide the trial court "sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

**{¶20}** With regard to the motion to withdraw his plea, Appellant has not satisfied his burden in this Court, or in the trial court, to identify any sort of manifest injustice apparent on the record to merit the extraordinary relief he seeks. Although we have the discretionary power to address "[p]lain errors or defects affecting substantial rights" even where they were not brought to the attention of the trial court, that discretion is limited to where the "rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988) and *State v. Zuern*, 32 Ohio St.3d 56, 63, 512 N.E.2d 585 (1987). Appellant has supplied nothing for either court to review in this matter. In the absence of any material supporting Appellant's statements, the trial court was correct to deny his post-sentencing motion to withdraw his guilty plea.

**{¶21}** Appellant received a hearing on his motion for resentencing and the trial court entered the necessary nunc pro tunc entry correcting his sentence. Appellant's successful challenge to his sentence did not affect in any way the validity of his original plea. Appellant has not even attempted to satisfy his burden to

demonstrate error affecting his substantial rights. *In re M.D.*, *supra*. Appellant's first and third assignments are wholly without merit and therefore overruled.

<u>Assignment of Error No. 2</u>

THE TRIAL COURT COMMITTED PLAIN, PREJUDICIAL, AND REVERSIBLE ERROR WHEN IT FAILED TO FOLLOW THE MANDATE OF O.R.C. 2941.25 AND <u>State v. Johnson</u> [SIC] IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO FUNDAMENTALLY FAIR PROCEEDINGS AND RIGHTS TO BE SENTENCED IN COMPLIANCE WITH ALL STATUTES.

**{¶22}** Appellant filed his appeal from the judgment entry denying his motion to withdraw his plea, and not from the trial court's 2011 resentencing entry. Hence, this issue is not properly directly before us. However, to avoid any confusion or duplication of effort, we will briefly address Appellant's concerns. Appellant is raising the issue of allied offenses. "Allied offenses" are defined by R.C. 2941.25 which provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). Determining whether offenses are allied within the meaning of the statute is a two-step process. A court must first determine whether, when the elements of the two crimes are compared, the elements "correspond to such a degree that the commission of one crime will result in the commission of the other." *State v. Rance*, 85 Ohio St.3d 632, 638, 710 N.E.2d 699 (1999) (reversed on other

grounds). When conducting this analysis a court must consider both the elements of the offenses and the conduct of the accused. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, paragraph one of the syllabus, (explicitly overruling paragraph one of the syllabus in *Rance, supra*, which provided that the statutorily defined elements of offenses would be compared in the abstract, without reference to the conduct of the accused, and holding that two offenses were "allied under R.C. 2941.25 because the same conduct constituted the commission of two offenses of similar import under the facts" of the case. *Johnson* at ¶9.).

**{¶23}** We first begin by noting that Appellant appears to have agreed to the sentence imposed and cannot then challenge it on appeal. That said, in 2002, Appellant pleaded guilty to two counts in the amended indictment: one count of involuntary manslaughter in which the victim was Thomas Brown and one count of attempted murder, in which the victim was Clinton Brown. There is no correspondence between the elements of involuntary manslaughter with regard to one person and attempted murder with regard to a second, they are wholly separate crimes. There is no instance in which "the commission of one crime will result in the commission of the other." *Rance* at 638. Even if the specific conduct of Appellant with regard to each offense was as a result of a single course of conduct, the fact that the conduct resulted in harm to different victims negates any finding that the crimes are allied offenses pursuant to R.C. 2941.25. Appellant was convicted of two separate crimes with two different victims. Different crimes with different penalties

and different victims are not allied offenses. Appellant's second assignment of error is overruled.

Assignment of Error No. 4

THE TRIAL COURT COMMITTED PLAIN, PREJUDICIAL, AND REVERSIBLE ERROR WHEN IT SENTENCED TROMMONE STEWART IN VIOLATION OF O.R.C. 5145.01.

**{¶24}** Again, Appellant has not filed a direct appeal of his resentencing. Appellant sought and received postconviction relief in 2011 remedying the omission of post-release information in his original sentencing entry. The instant appeal was filed from the denial of Appellant's subsequent motion to withdraw his 2002 guilty plea. Any defect in the resentencing entry is not properly before us at this time. The only relevant issues in this appeal are those affecting whether the original plea was entered in compliance with Crim.R. 11(C)(2)(a), (b), and (c), and as a result was knowing, intelligent, and voluntary on Appellant's part. The party seeking to withdraw a plea must identify both a defect in the entry of the plea and demonstrate prejudice resulting from the defect. Under this assignment of error, Appellant does not challenge any aspect of the entry of his plea and instead claims an error in his sentence. The imposition of consecutive sentences is wholly irrelevant to the knowing, intelligent, and voluntary aspects of the entry of his plea because sentencing does not happen until after a plea has been entered. An event that had not occurred when the plea was entered can have no bearing on whether the plea

was valid. Appellant has identified no sentencing issue as a condition of his plea under this assignment of error that would undermine the validity of his plea.

**{¶25}** Appellant did not appeal his original sentence or his resentencing. "Under the doctrine of *res judcata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. This assignment of error, which directly challenges the trial court's ability to impose consecutive sentences, is precisely the type of issue which could have been raised in an appeal from the original 2002 final judgment and is therefore barred by the doctrine of *res judicata*. We again must note that if Appellant entered an agreed sentence, as the record reflects, he is barred from appealing this sentence for this reason, alone.

**{¶26}** Moreover, even if this challenge were somehow within our scope of review on an appeal from the denial of a postsentencing motion to withdraw a plea, Appellant's argument would require application of the portions of R.C. 2929.14 which were found unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph three of the syllabus: "Because R.C. 2929.14(E)(4) and 2929.41 (A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences,

they are unconstitutional." Under the Supreme Court's *Foster* decision, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Id.* at paragraph seven of the syllabus. We cannot apply an unconstitutional law, because "an unconstitutional law must be treated as having no effect whatsoever from the date of its enactment." *Middletown v. Ferguson*, 25 Ohio St.3d 71, 80, 495 N.E.2d 380 (1986). Any requirement in R.C. 5145.01 and R.C. 2929.14 limiting a trial court's ability to impose consecutive sentences which was found unconstitutional in *Foster* must be regarded in light of the Supreme Court's determination that "[a]n unconstitutional act is not a law; it confers no rights; it impose no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Middletown* at 80, quoting *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, 30 L.Ed. 178 (1886). Thus, even if Appellant had properly appealed the entry of consecutive sentences, the law he cites is a nullity and cannot form the basis of the relief he seeks. For all of these reasons Appellant's fourth assignment of error is overruled.

<u>Assignment of Error No. 5</u>

TROMMONE STEWART'S COUNSEL WAS INEFFECTIVE.

**{¶27}** To prevail on a claim of ineffective assistance of counsel, Appellant must show not only that counsel's performance was deficient, but also that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.

2052, 80 L.Ed.2d 674, (1984) *see also State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶107. "Deficient performance" means performance falling below an objective standard of reasonable representation. "Prejudice," in this context, means a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Strickland* at 687-688, 694.

{¶28} Appellant argues that the performance of counsel in this instance was deficient because counsel failed to inform him of his right to appeal in 2002 and because counsel did not file an appeal on his behalf in 2002. The court, not counsel, is required to inform Appellant of his right to appeal, and although Appellant also alleges that the court failed to inform him of this right, nothing in the record supports Appellant's claim. Again, the alleged omission would have occurred during the original sentencing hearing, but Appellant has not included any transcript or a substitute for the record pursuant to App.R. 9. In the absence of a transcript or other evidence of the alleged defect, we are constrained to presume the regularity of the proceedings in the trial court. *Yarbrough v. Maxwell*, 174 Ohio St. 287, 189 N.E.2d 136 (1963). Without evidence in support of his claim, Appellant has clearly failed to show counsel was deficient.

{¶29} Appellant also alleges that trial counsel was deficient because trial counsel did not file a direct appeal on his behalf. Counsel is not required to file an appeal for Appellant unless counsel is retained or appointed to do so. Appellant has not produced any evidence suggesting, and nothing appears in the record to support, a claim that counsel was retained or appointed for the purpose of filing a direct

appeal in 2002. Appellant has availed himself of both his right to appointed counsel as well as his right to represent himself pro se at various times in this matter. Nothing in this record suggests that counsel violated a duty to file an appeal on Appellant's behalf, or that Appellant was otherwise unable to protect his rights.

**{¶30}** Appellant has not met the elements of the *Strickland* test on either of his claims that he received ineffective assistance of counsel. His fifth assignment of error is without merit and is overruled.

## Conclusion

**{¶31}** Appellant argues on appeal that his 2002 plea was not knowing or voluntary on his part because he was not told that he would be subject to post-release control as a result of his plea. Appellant also argues that his 2002 guilty plea should be vacated due to his attorney's alleged failure to file a direct appeal and some trickery on counsel's part based on an off the record conversation alleged to have occurred. Appellant has not provided the transcript of his original plea or sentencing hearings necessary to allow us to even evaluate his various claims. Appellant, inexplicably, also claims his 2002 plea was invalid because of his substance abuse in 2011 at the time of his resentencing. Appellant did not file a direct appeal of either his sentencing or his resentencing, so to the extent he challenges issues arising out of those entries, these are not properly before us. Further, Appellant also relies on (unsupported) evidence that is not of record. This is also not appropriate for the direct appeal of the denial of his motion to withdraw his 2002 plea. Appellant's five assignments of error are without merit and are overruled.

The judgment of the trial court denying Appellant's motion to vacate his guilty plea is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.