[Cite as *State v. O'Connor*, 2010-Ohio-6384.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                    )
                                       )     CASE NO.   10 MA 81
        PLAINTIFF-APPELLEE,   )
                                       )
        - VS -                   )     O P I N I O N
                                       )
ARIAN O'CONNOR,          )
                                       )
        DEFENDANT-APPELLANT.   )

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                                            Court, Case No. 98CR927.

JUDGMENT:                    Affirmed in part; Reversed in part; and
                                            Remanded.

APPEARANCES:
For Plaintiff-Appellee:               Attorney Paul Gains
                                            Prosecuting Attorney
                                          Attorney Ralph Rivera
                                          Assistant Prosecuting Attorney
                                          21 West Boardman Street, 6th Floor
                                          Youngstown, Ohio  44503

For Defendant-Appellant:            Arian O'Connor, *Pro se*
                                          #07812-068
                                          FCI Cumberland
                                          P.O. Box 1000
                                          Cumberland, Maryland  21501

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  December 22, 2010

VUKOVICH, P.J.

¶{1} Defendant-appellant Arian O'Connor appeals the decision of the Mahoning County Common Pleas Court which denied his motion to vacate his conviction and sentence. Appellant argues that post-release control was not properly imposed in his sentencing entry. He states that he cannot be resentenced because he has been released from his term of imprisonment, and he urges that both the finding of guilty derived from his guilty plea and his sentence must be vacated as void.

¶{2} A sentencing entry merely stating that a defendant was notified under a certain statute does not sufficiently impose post-release control, and the sentence is considered void. Where the defendant cannot be resentenced because he is no longer serving the term of imprisonment for which the post-release control was imposed, the remedy employed by the Supreme Court is to release the defendant from any post-release control obligations, discharge the defendant from prison if he is serving time for a post-release control violation, vacate the sentence, and have the trial court note upon the sentence that the defendant cannot be resentenced because he has been released from the original term of imprisonment. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded. The judgment of conviction is affirmed. Appellant's sentence is reversed and vacated, and the case is remanded. We order the trial court to note on the record of appellant's sentence that he is not subject to post-release control and that he will not be subject to resentencing because he was released from his term of imprisonment before resentencing could take place.

STATEMENT OF THE CASE

¶{3} In 1998, appellant was arrested on four counts of second-degree felony felonious assault with firearm specifications. In exchange for a plea of guilty to two counts, the other two counts and the firearm specifications were dismissed. On February 26, 1999, appellant was sentenced to three years per count. The sentences were originally concurrent, but an amended entry to correct a clerical error then ran the sentences consecutively. As to post-release control, the sentencing entry merely states, "Defendant has been given notice under R.C. 2929.19(B)(3) * * *."

**¶{4}** On March 26, 2010, appellant filed a motion to vacate his judgment of conviction and sentence. He urged that the language in the sentencing entry regarding post-release control was insufficient. He noted that his prison sentence was complete. He then cited case law holding that a sentence is void where post-release control is not properly imposed and that resentencing for correction of post-release control cannot be held after a defendant is released from his term of imprisonment. He concluded that if his sentence is void and a conviction requires a sentence, then the entire trial case should be dismissed as void.

**¶{5}** On April 30, 2010, the trial court overruled appellant's motion. Appellant filed a timely notice of appeal and a *pro se* appellate brief.

ASSIGNMENT OF ERROR

**¶{6}** Appellant's sole assignment of error provides:

**¶{7}** "THE ORIGINAL SENTENCING JOURNAL ENTRY IS VOID AS IT DOES NOT CONTAIN PROPER NOTICE OF POST-RELEASE CONTROL AND IS CONTRARY TO LAW."

**¶{8}** Pursuant to statute, every sentence for a second degree felony that is not a felony sex offense shall include a requirement that the offender be subject to post-release control for three years. R.C. 2967.28(A)(2). Similarly, R.C. 2929.14(F)(1) states that if a court imposes a prison term for this category of offense, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after release from imprisonment.

**¶{9}** Statutes pertaining to the sentencing hearing provide that the court must notify such offender that he will be subject to post-release control upon his release. R.C. 2929.19(B)(3)(c). The court must also notify the offender that if he violates post-release control, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(3)(e).[1]

**¶{10}** It is not optional to so inform the defendant at either the sentencing hearing or in the sentencing entry. See *State v. Jordan*, 104 Ohio St.3d 21, 2004-

---

[1]The July 11, 2006 amendments to the post-release control statutes are expressly inapplicable as appellant has been released from his term of imprisonment. They have also been ruled to have prospective application only. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶35.

Ohio-6085, ¶22 (where court imposed it in entry but never gave notice at hearing). See, also, *State v. Jones*, 7th Dist. No. 06MA17, 2009-Ohio-794, ¶8. Rather, the trial court must give notice of post-release control at the sentencing hearing *and* incorporate it into the sentencing entry. *Jordan*, 104 Ohio St.3d 21 at ¶11, 22. Notably, if the judgment entry does not impose a period of post-release control, then the executive branch has no authority to impose it as the imposition of punishment is the function of the judicial branch. Id. at ¶19; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶71. Thus, contrary to the state's contention, the fact that the sentencing transcript was not provided is not determinative.

¶{11} The Supreme Court has found insufficient sentencing where the judgment entry fails to impose, for instance, a mandatory five-year term of post-release control. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, ¶35-36. Contrary to the state's argument, a sentencing entry that merely states, "Defendant has been given notice under R.C. 2929.19(B)(3)," is insufficient to impose post-release control. See, *Jones*, 7th Dist. No. 06MA17 at ¶5, 14 (entry is insufficient where it simply states that defendant "was advised pursuant to R.C. 2967.28"). See, also, *State v. Harrison*, 7th Dist. No. 09MA187, 2010-Ohio-2746, ¶4-8 (entry insufficiently stated, "Defendant has been given notice under R.C. 2929.19(B)(3) * * *"); *State v. Swik*, 8th Dist. No. 92341, 2009-Ohio-3896, ¶6, 20-21 (entry merely stated, "post release control [wa]s a part of this sentence for the maximum time allowed"); *State v. Ocel*, 7th Dist. No. 08JE22, 2009-Ohio-2633, ¶30 (entry insufficiently stated, "defendant has been given notice of post-release control").

¶{12} The court's language here does not even use the words post-release control, let alone impose post-release control or provide the required notifications or specifics. See *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶51 (a vague statement in the sentencing entry that the defendant understood the possibility of post-release control is not a sufficient incorporation of the term), citing *State v. Gensley*, 110 Ohio St.3d 1474, 2006-Ohio-4474 (entry must specify that court is imposing post-

release control).  A reasonable person in appellant's position would not be aware that post-conviction was part of his journalized sentence.  See id.[2]

**¶{13}** In cases with deficiencies in imposing post-release control, the sentence has been categorized as a nullity and void, the parties are placed in the same position as before the imposition of sentence, and the defendant is said to be subject to resentencing if the defendant has not yet served his term of imprisonment.  *Jordan*, 104 Ohio St.3d 21 at ¶22-23; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶16; *Woods v. Telb* (2000), 89 Ohio St.3d 504, 512-513.

**¶{14}** In *Bezak*, where the defendant had already served his sentence, the remedy was to vacate the sentence and remand with instructions to the trial court to note on the record of the sentence that the defendant would not be subject to resentencing because he completed his sentence.  *Bezak*, 114 Ohio St.3d 94 at ¶16-18.  Likewise, in *Bloomer*, the defendant was discharged and the trial court was instructed to note on the record that the defendant would not be subject to resentencing because he completed his sentence.  *Bloomer*, 122 Ohio St.3d 200 at ¶72-73.

**¶{15}** Although the Supreme Court does not merely vacate the portion of the sentence dealing with post-release control, the Court also does not state that the finding of guilt after a plea or trial (sometimes called a conviction) is itself vacated. See id.  Thus, we refuse to order the vacation of appellant's guilty plea.

**¶{16}** For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded.  The judgment of conviction is affirmed. Appellant's sentence is reversed and vacated, and the case is remanded.  We order the trial court to note on the record of appellant's sentence that he is not subject to post-release control and that he will not be subject to resentencing because he was released from his term of imprisonment before resentencing could take place.

---

[2]Appellant refers to a statement we made in a case where a defendant sought a writ to compel the trial court to rule on his motion for resentencing.  See *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 10MA66, 2010-Ohio-3371, ¶14.  The sentencing entry stated, "Defendant has been given notice under R.C. 2929.19(B)(3) * * *."  Id. at ¶17.  We pointed out that the Sixth District has held that this constitutes adequate notice and that the adequacy of the notice may be dependent on the content of the sentencing transcript.  Id., citing *State v. Maddox*, 6th Dist. No.L-09-1237, ¶13-16.  However, we did not adopt the Sixth District's holding.  In addition, the statement was mere dicta as we dismissed the request for a writ because the motion had not been pending before the trial court for long and there was a procedural defect.  Id. at ¶7-9, 20.

Waite, J., concurs.
DeGenaro, J., concurs.