[Cite as *State v. Bundy*, 2013-Ohio-2501.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )
        PLAINTIFF-APPELLEE,             )
                                        )          CASE NO. 12 MA 86
V.                                      )
                                        )          OPINION
ANDRE BUNDY,                            )
                                        )
        DEFENDANT-APPELLANT.            )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 01CR875

JUDGMENT:                        Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee           Paul Gains
                                 Prosecutor
                                 Ralph M. Rivera
                                 Assistant Prosecutor
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, Ohio 44503-1426

For Defendant-Appellant          Attorney John P. Laczko
                                 3685 Stutz Drive, Suite 100
                                 Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated: June 12, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Andre Bundy, appeals from a Mahoning County Common Pleas Court judgment overruling his Motion to Terminate Post Release Control.

{¶2} In 2002, a jury convicted appellant of aggravated robbery and conspiracy to commit aggravated robbery. On appeal, this court affirmed the aggravated robbery conviction but reversed the conspiracy to commit aggravated robbery conviction. *State v. Bundy*, 7th Dist. No. 02-CA-211, 2005-Ohio-3310. Appellant was left serving a ten-year prison sentence.

{¶3} According to the Ohio Department of Rehabilitation and Corrections' website, appellant was released from prison on August 19, 2011, and is currently under Adult Parole Authority (APA) supervision for a five-year period.

{¶4} On March 2, 2012, appellant filed a Motion to Terminate Post Release Control. In his motion, appellant asserted that four months before his release from prison, the APA notified him that as a result of their assessment he would be placed under postrelease control for five years. He asserted that the trial court failed to properly notify him of postrelease control in his judgment entry of sentence or at his sentencing hearing. Appellant claimed that because he had already completed his prison term, he could not be subject to resentencing in order to correct the error. Therefore, he moved the court to issue an order to terminate his postrelease control.

{¶5} In response, plaintiff-appellee, the State of Ohio, filed a motion for a nunc pro tunc entry to correct the "clerical error" contained in the sentencing entry and urged the court to overrule appellant's motion.

{¶6} Subsequently, the trial court entered a nunc pro tunc judgment entry of sentence that included the appropriate language regarding appellant's period of postrelease control. It stated that at appellant's original sentencing hearing, it advised him he was required to serve a mandatory term of five years of postrelease control upon his release from prison and advised him of the consequences of violating the rules of supervision. The court went on to state that due to a clerical error, the postrelease control advice that was given to appellant at sentencing was

not repeated in the judgment entry of sentence. The court further noted that the judgment entry of sentence did include the language that appellant "was advised pursuant to O.R.C. 2967.28," which section is titled "Period of Post Release Control for Certain Offenders; Sanctions; Proceedings Upon Violation."

{¶7} Appellant filed a timely notice of appeal on May 9, 2012.

{¶8} Appellant now raises a single assignment of error that states:

THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING HIS MOTION TO TERMINATE POST RELEASE CONTROL AFTER HIS RELEASE FROM PRISON BY ENTERING A NUN [sic.] PRO TUNC JUDGMENT ENTRY OF SENTENCE ORDERING HIM TO A TERM OF POST RELEASE CONTROL.

{¶9} Appellant argues a trial court's failure to properly notify an offender about postrelease control renders that part of the sentence void. He goes on to argue that the trial court cannot correct its judgment entry after the offender has already served his prison term. Appellant notes that a trial court speaks only through its judgment entries and his sentencing judgment entry does not properly notify him of postrelease control. He asserts that had this issue arisen while he was still serving his sentence, he would have been entitled to a new sentencing hearing to correct the error. But because his sentencing judgment entry was not corrected before he was released from prison, the trial court could not correct it by way of a nunc pro tunc entry.

{¶10} In sentencing a defendant, the trial court must notify the defendant at the sentencing hearing of any term of postrelease control and incorporate the postrelease control notification into the sentencing entry. R.C. 2929.19(B)(2)(c)(d)(e); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, superseded by statute on other grounds.

{¶11} At appellant's sentencing hearing, the trial court properly advised

appellant that upon his release from prison, he would serve a mandatory five-year term of postrelease control subject to the APA's rules and regulations. (Sentencing Tr. 55). It further informed him that violation of any terms of his postrelease control would allow the APA to add more terms, to increase the time that he would be under supervision, or to take him back to the penitentiary for up to nine months each time he violated the rules. (Sentencing Tr. 55-56). The court advised appellant that the nine-month periods could be accumulated to add up to one-half of his total sentence. (Sentencing Tr. 56). And the court notified him that if he violated the law while on postrelease control supervision, in addition to punishment and prosecution for the new crime, the APA would take him back to the penitentiary to serve the greater of one year or whatever was left on the five-year period of supervision. (Sentencing Tr. 56). Thus, the trial court properly advised appellant regarding postrelease control at his sentencing hearing.

{¶12} But in appellant's sentencing judgment entry, the only mention of postrelease control was: "Defendant was also advised pursuant to R.C. 2967.28." R.C. 2967.28 is the postrelease control statute.

{¶13} In issuing its nunc pro tunc sentencing entry, the trial court relied on *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. Appellant, however, argues that *Qualls* is distinguishable.

{¶14} At his 2002 sentencing hearing, the trial court notified Qualls of his five years of postrelease control. However, postrelease control language was not included in Qualls's judgment entry of sentence. When Qualls filed a motion regarding postrelease control in 2010, the state realized the omission in the sentencing judgment entry. It asked the trial court to issue a nunc pro tunc entry correcting the omission by adding the postrelease control notification. Qualls argued in response that because his original entry did not contain notice of postrelease control, he was entitled to a new sentencing hearing. The trial court agreed with the state and issued a nunc pro tunc sentencing entry adding the postrelease control notification. It found that because Qualls admitted that he had been orally advised

that he was subject to postrelease control at his 2002 sentencing hearing, he was not entitled to a new sentencing hearing.

{¶15} The Fourth District Court of Appeals court affirmed the trial court's decision but found its decision to be in conflict with that of the Sixth District. Therefore, it certified the following question to the Ohio Supreme Court: "If a defendant is notified about postrelease control at the sentencing hearing, but that notification is inadvertently omitted from the sentencing entry, can that omission be corrected with a nunc pro tunc entry?" *Id.* at ¶9.

{¶16} In examining the certified issue, the Ohio Supreme Court emphasized two important principles regarding postrelease control. One of these principles is extremely relevant here. That principle is, "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected *before the defendant completed the prison term for the offense for which postrelease control was to be imposed*, postrelease control cannot be imposed." (Emphasis added.) *Id.* at ¶16, citing, *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶28-30.

{¶17} In *Hernandez*, on which the Court relied, the trial court failed to advise Hernandez of his postrelease control term at the sentencing hearing and also failed to include the postrelease control notification in the sentencing judgment entry. Hernandez completed his prison term and was placed on five years of postrelease control supervision by the APA. Several months later, Hernandez violated the terms of his postrelease control and was sent back to prison. Hernandez filed a habeas corpus petition arguing that he should be released from prison and from any further postrelease control because the trial court did not notify him at the sentencing hearing or in his judgment entry that he would be subject to postrelease control. The Court found merit in Hernandez's petition. It pointed out that the trial court's sentencing entry only specified a seven-year prison sentence, which Hernandez had completed. *Id.* at ¶30. The Court noted "neither the trial judge, the prosecutor, nor the defense counsel advised the defendant at the hearing, or in a journal entry, that

his liberty would continue to be restrained after he served his sentence." *Id.* at ¶31. Because his only journalized entry had expired, the Court found habeas corpus was an appropriate remedy. *Id.* The Court held that the APA was not authorized to put Hernandez on postrelease control and sanction him for violating its terms in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control into the sentencing entry. *Id.* at ¶32.

{¶18} The *Qualls* Court compared *Hernandez* with *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78. *Watkins* involved 12 prisoners who sought writs of habeas corpus for their release from prison. They were all serving time for violating the terms of their postrelease control. All of the prisoners had completed their original sentences, were placed on postrelease control, and were found to have violated the terms of their postrelease control by the APA. The prisoners argued they were entitled to writs of habeas corpus because they failed to receive adequate notice of postrelease control and their sentencing entries failed to incorporate adequate notice of postrelease control. Each of the prisoners was subject to a mandatory term of postrelease control. However, each of their sentencing entries erroneously contained language that postrelease control could be discretionary. The Court denied the writs, finding that the prisoners had an adequate remedy by way of appeal to challenge the imposition of postrelease control. *Id.* ¶53. It found that while the sentencing entries mistakenly included language that postrelease control could be discretionary, the language was sufficient to allow the APA to exercise postrelease control. *Id.*

{¶19} The other principle the *Qualls* Court found important is that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Qualls*, 131 Ohio St.3d at ¶18.

{¶20} The Court went on to note it has stated in the past that a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the

notification that was given at the sentencing hearing. *Id.* at ¶19. But "our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry." *Id.*

**{¶21}** The *Qualls* Court ultimately held:

When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing.

*Id.* at the syllabus. In reaching this decision, the Court stated:

[W]hen the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, *as long as the correction is accomplished prior to the defendant's completion of his prison term.*

(Emphasis added.) *Id.* at ¶24.

**{¶22}** The state contends that the above language is simply dicta, which we may disregard. But we view it as a condition precedent. The Court set out as an important principle of its postrelease control cases that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected *before the defendant completed the prison term for the offense for which postrelease control was to be imposed*, postrelease control cannot be imposed." (Emphasis added.) *Id.* at ¶16, citing, *Hernandez*, 108 Ohio St.3d at ¶28-30. And later in its opinion, the Court again stated in the same breath that the original entry could be corrected as long as the correction is accomplished before the defendant completes his prison term. *Id.* at ¶24.

**{¶23}** Moreover, in a case very similar to the case at bar, Duncan was sentenced in 2003 to ten years in prison for voluntary manslaughter. *State v. Duncan*, 1st Dist. No. C-120324, 2013-Ohio-381. He was released from prison and placed on postrelease control under the APA's supervision in February 2011. In December 2011, he was indicted on drug and weapons charges and ultimately pleaded guilty. The charges resulted in the APA finding that Duncan violated the terms of his postrelease control and sanctioning him to a 240-day prison term. Duncan filed a motion to vacate both the postrelease control term and the prison sanction. He argued that his 2003 sentence was void to the extent that the trial court failed to adequately notify him regarding postrelease control and that his sentence could not be corrected after he had been released from prison.

**{¶24}** The trial court overruled the motion finding that because the sentencing judgment entry included language that made postrelease control a part of Duncan's sentence, he should have challenged it on a direct appeal. The sentencing entry contained the statement, "[a]s part of the sentence in this case, the defendant is subject to the post release [sic.] control supervision of R.C. 2967.28." *Id.* at ¶11.

**{¶25}** The First District found Duncan's sentence void to the extent he had not been adequately notified concerning postrelease control. *Id.* at ¶18. The court stated that the entry should have included the duration or mandatory nature, the consequences of violating, and the length of confinement that could be imposed for a violation. *Id.* ¶16. The court further found that the Ohio Supreme Court has required that any correction to postrelease control notification must be accomplished before the offender is released from prison. *Id.* at ¶15. Because Duncan had been released from prison before the trial court attempted to correct the sentencing entry, the court went on to hold that the trial court erred in attempting to correct the deficiencies in the postrelease control notification. *Id.* at ¶18. And the court ordered that Duncan was to be discharged from his prison sentence imposed for violating postrelease control. *Id.*

**{¶26}** And in *State v. Baker*, 9th Dist. No. 26411, 2012-Ohio-5645, the trial court incorrectly imposed a five-year term of postrelease control in Baker's

sentencing entry when it should have imposed a three-year term. Baker served his 12-year prison term, was released, violated the terms of his postrelease control, and was sanctioned to prison for the violation. The trial court denied Baker's motion to vacate the sanction. It reasoned that even though it had imposed the wrong term of postrelease control, the sentencing entry was sufficient to put Baker on notice that he was subject to postrelease control after completing his sentence.

**{¶27}** The Ninth District reversed. It found that the postrelease control portion of Baker's sentence was void because five years was not the statutorily-mandated term of postrelease control. *Id.* at ¶3. Because the trial court failed to correct the problem before Baker was released from prison, the court held that Baker was not subject to postrelease control following his release from prison. *Id.* at ¶5.

**{¶28}** We should mention that in *State v. Murray*, 6th Dist. No. L-10-1059, 2012-Ohio-4996, ¶24, the Sixth District stated that a simple reference to the applicable statutes is sufficient to give an offender the required notice that the court authorized a postrelease control sanction. In that case, because the appellant failed to file a transcript of the sentencing hearing, the court found the appellant was properly notified of postrelease control at sentencing. *Id.* at ¶25. The court then found that the sentencing judgment entry containing the language "Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28" was sufficient to advise the appellant of the postrelease control sanction. *Id.* at ¶25.

**{¶29}** We also must take into consideration the fact that this court has regularly found entries that do not set out the proper postrelease control term and advisements to be insufficient notification of postrelease control. See *State v. Stewart*, 7th Dist. No. 11-MA-195, 2013-Ohio-753; *State v. Robinson*, 7th Dist. No. 10-MA-128, 2012-Ohio-1686. Moreover, we have specifically found that in cases containing the same vague notification as in this case ("Defendant was also advised pursuant to R.C. 2967.28"), the postrelease control notification was improper. *State v. Davis*, 7th Dist. No. 10 MA 160, 2011-Ohio-6025; *State v. Jones*, 7th Dist. No. 06

MA 17, 2009-Ohio-794.

{¶30} Given the *Qualls* Court's indication that any correction to a judgment entry regarding postrelease control must occur *before* the offender is released from prison, the subsequent application by the First and Ninth Districts, and this court's history of finding notifications such as the one in this case to be improper, we conclude that the trial court here was without authority to issue the nunc pro tunc order correcting the postrelease control advisement because appellant had already completed his prison term. As such, appellant is to be released from his term of postrelease control.

{¶31} Accordingly, appellant's sole assignment of error has merit.

{¶32} For the reasons stated above, the trial court's judgment is hereby reversed. We remand this matter to the trial court for the purpose of discharging appellant from his term of postrelease control.

Waite, J., concurs.

DeGenaro, P.J., concurs.