[Cite as *State v. Hill*, **2017-Ohio-4006.**]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 JE 0021 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| AARON HILL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio Case No. 02-CR-76 |
| JUDGMENT: | Reversed and Remanded. |
| APPEARANCES: | |
| For Plaintiff-Appellee: | No Brief Filed |
| For Defendant-Appellant: | Atty. Craig M. Jaquith Senior Assistant Public Defender 250 East Broad Street, Suite 1400 Columbus, Ohio 43215 |

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: May 25, 2017

ROBB, P.J.

{¶1}   Defendant-Appellant Aaron A. Hill appeals Jefferson County Common Pleas Court's denial of his motion to vacate post-release control and parole authority sanction time.[1]   Appellant asserts the trial court's decision was incorrect because the sentencing judgment entry did not properly impose post-release control, he has completed his prison term, and the judgment entry was not corrected prior to the expiration of his sentence.   For the reasons expressed below, we agree.   The trial court's decision is reversed and the matter remanded to the trial court with instructions to discharge Appellant from post-release control.

<u>Statement of the Case</u>

{¶2}   Appellant was indicted in April 2002 for three counts of aggravated murder, one count of kidnapping, two counts of aggravated burglary, two counts of having a weapon while under disability, one count of carrying a concealed weapon, and one count of possession of drugs.   Gun specifications were attendant to each count.   Two of the aggravated murder counts had capital specifications.

{¶3}   Appellant pled not guilty.   The case proceeded to trial.   After the first day of trial, the parties reached a plea agreement.   The state agreed to amend the first count of the indictment to voluntary manslaughter, a first-degree felony in violation of R.C. 2903.03, with an attendant gun specification.   4/11/03 Tr. 4.   Counts two, three, four, six, nine, and ten, and their attendant specifications were nolled. 4/11/03 Tr. 4-5.   The state nolled the specifications on counts five, seven and eight. 4/11/03 Tr. 4-5.   Thus, Appellant entered a guilty plea to voluntary manslaughter with an attendant firearm specification, aggravated burglary, and two counts of having weapons while under disability.   4/11/03 Tr. 4-5.   Appellant also agreed to enter a guilty plea in case number 01-CR-158 for the charge of possession of cocaine in excess of five grams.   4/11/03 Tr. 5.   The state dismissed the attendant specification

---

[1] Appellant has completed his parole authority sanction time

in that case. 4/11/03 Tr. 5. Appellant and the state also entered into an agreed recommendation of sentence; they agreed to an aggregate 13 year sentence composed of 10 years for the underlying offenses and 3 years for the gun specification. 4/11/03 Tr. 5; 4/11/03 J.E.

{¶4} The trial court then conducted a Crim.R. 11 colloquy. During this colloquy, the trial court told Appellant he would be subject to five years of post-release control. 4/11/03 Tr. 14. The trial court instructed Appellant that if he violated the conditions of post-release control he could be sent back to prison for up to nine months each time. 4/11/03 Tr. 14. Appellant was advised that those additional nine-month sentences could amount to half of the prison time the trial court imposed, which would be 6 1/2 years if the trial court imposed the recommended 13 years. 4/11/03 Tr. 14-15. The trial court's advisement on post-release control was three pages in length. 4/11/03 Tr. 14-16.

{¶5} Following the advisements, Appellant entered a guilty plea, the trial court accepted the plea, and it proceeded immediately to sentencing. 4/11/03 Tr. 17. The trial court followed the agreed recommendation of sentence. 4/11/03 Tr. 5; 4/11/03 J.E. Appellant received 10 years for the voluntary manslaughter conviction and an additional 3 years for the attendant gun specification. 4/11/03 J.E. He received 5 years for the aggravated burglary conviction, 1 year for each of the having weapons while under disability convictions, and 1 year for possession of cocaine. 4/11/03 J.E. The sentences for aggravated burglary, having weapons while under disability, and possession of cocaine were ordered to run concurrent with the voluntary manslaughter sentence. 4/11/03 J.E.

{¶6} During the sentencing portion of the hearing, post-release control was not mentioned; there was no advisement on post-release control and there was no direct imposition of the five year term of post-release control. 4/11/03 Tr. 17-24. The only mention of post-release control in the sentencing judgment entry is one sentence stating, "Defendant has been given notice of Post Release Control." 4/11/03 J.E.

{¶7} Appellant did not appeal his plea or sentence.

**{¶8}** His five year supervision by the Adult Parole Authority began on April 12, 2015.

**{¶9}** On July 22, 2016, Appellant filed a Motion to Vacate Post-Release Control and Parole-Authority Sanction Time. Appellant asserted for the first time that the trial court's imposition of post-release control was void because he was not properly advised of post-release control at the sentencing hearing or in the sentencing judgment entry. The trial court denied the motion. 8/19/16 J.E.

**{¶10}** Appellant timely appeals the trial court's decision. No brief was filed by the state.

Assignment of Error

"The trial court erred when it failed to vacate Mr. Hill's void post release control."

**{¶11}** Appellant argues the imposition of post-release control is void because the trial court did not give the proper advisements in its April 11, 2003 judgment entry.

**{¶12}** In sentencing a defendant, the trial court must notify the defendant at the sentencing hearing of any term of post-release control and incorporate the post-release control notification into the sentencing entry. R.C. 2929.19(B)(2)(c)–(e); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, superseded by statute on other grounds. *See also State v. Bundy*, 7th Dist. No. 12 MA 86, 2013-Ohio-2501, 994 N.E.2d 9, ¶ 10. If a trial court fails to impose the statutorily mandated term of post-release control as part of a defendant's sentence, that part of the sentence is void and must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 26. "[V]oid sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 40. Res judicata, however, "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.*

**{¶13}** If the trial court failed to make the post-release control advisement at the sentencing hearing and the defendant has not completed his sentence the appropriate remedy is a new sentencing hearing limited to proper imposition of post-release control. *Id.* at ¶ 29. A new sentencing hearing is needed in that situation because in order "to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. Therefore, even if the post-release control advisement is given in the judgment entry, a new sentencing hearing is required when the advisement was not given at the sentencing hearing. However, if the defendant has completed the prison term for the original sentence, the defendant cannot be subject to another sentencing hearing to correct the trial court's flawed imposition of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18 and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus.

**{¶14}** If the trial court made the post-release control advisement at the sentencing hearing, but failed to incorporate that advisement into the final judgment entry, the proper remedy is correction through means of a nunc pro tunc entry. *Qualls*, 2012-Ohio-1111 at ¶ 13. "No new sentencing hearing is required, because the trial court's failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. The sentencing judgment entry, however, must be corrected before the defendant completes the prison term for the offense for which post-release control was to be imposed. *Qualls* at ¶ 16, 24. If it is not corrected prior to the completion of the sentence, post-release control cannot be imposed. *Id.*

**{¶15}** In this case, Appellant's focus is on the judgment entry. In the judgment entry, the only advisement as to post-release control was: "Defendant has been given notice of Post Release Control." This statement is insufficient. *State v. Ocel*, 7th Dist. No. 08JE22, 2009-Ohio-2633, ¶ 30 (Entry insufficiently stated, "defendant has been given notice of post-release control"); *State v. O'Connor*, 7th Dist. No. 10 MA 81, 2010-Ohio-6384, ¶ 3, 11-12 (Post-release control sentencing entry merely stating, "Defendant has been given notice under R.C. 2929.19(B)(3)," is not sufficient.); *Bundy*, 2013-Ohio-2501 at ¶ 12 (The only mention of post-release control in the judgment entry was: "Defendant was also advised pursuant to R.C. 2967.28." That was insufficient. Nunc pro tunc entry was entered after Appellant was released from prison and thus, could not correct the deficient judgment entry.)

**{¶16}** Appellant has been released from prison for the offenses for which post-release control was imposed. Given the deficient judgment entry, Appellant cannot now be subject to post-release control. In order to be subject to post-release control, the original sentencing entry had to be corrected prior to the defendant's completion of his prison term. *Qualls*, 2012-Ohio-1111 at ¶ 16, 24. *See also Bundy* at ¶ 12, 30.

**{¶17}** Consequently, the trial court erred in denying Appellant's motion to vacate post-release control.

**{¶18}** Admittedly, the sentence in this case was an agreed upon sentence. However, our sister district recently explained an agreed upon sentence does not affect a defendant's ability to appeal the inadequacy of the post-release control advisement:

> R.C. 2953.08(D)(1) states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court

imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.

In *Underwood*, the Court defined a sentence "authorized by law" to mean more than whether the sentence falls within the statutory range for the offense: We do not agree with such a narrow interpretation of "authorized by law." Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. *See, e.g., State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27 ("Every judge has a duty to impose lawful sentences"). *Id.* at ¶ 20–21.

As we have already stated, a trial court is required to notify the offender about post-release control at the sentencing hearing and to incorporate that notice into its journal entry imposing sentence. *Adkins*, 2014-Ohio-3389, 2014 WL 3824030 at ¶ 36. These are mandatory statutory provisions. As we have concluded above, Cupp's post-release control in Ross County Case No. 04CR80 is void. A void "sentence may be

reviewed at any time, on direct appeal or by collateral attack." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at paragraph one of the syllabus. Accordingly, Cupp cannot waive his right to appeal his sentence on those grounds. *See State v. Middleton*, 8th Dist. Cuyahoga No. 99979, 2013-Ohio-5591, 2013 WL 6730881, ¶ 15.

*State v. Cupp*, 4th Dist. No. 16CA1024, 2016-Ohio-8462, ¶ 26-28.

**{¶19}** This reasoning is persuasive. Consequently, even though the sentence was agreed upon, Appellant cannot waive his right to challenge the failure to follow statutory mandates in imposing post-release control.

**{¶20}** The sole assignment of error has merit.

## Conclusion

**{¶21}** The trial court erred in denying Appellant's motion to vacate post-release control because the sentencing judgment entry did not sufficiently advise Appellant of post-release control. Therefore, the post-release control sentence was void. Since Appellant has been released from prison for the offenses for which post-release control was imposed and the sentencing judgment entry was not corrected prior to his release, Appellant cannot now be subject to post-release control. The trial court's decision is reversed and the matter remanded to the trial court with instructions to discharge Appellant from his term of post-release control.

Donofrio, J., concurs.

Waite, J., concurs.