[Cite as *State v. Kozic*, 2018-Ohio-816.]


STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 MA 0100 |
| V. | ) | |
| | ) | OPINION |
| ZOLTAN KOZIC | ) | |
| AKA JOEY KOZIC, | ) | |
| | ) | |
| DEFENDANT, APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 2010 CR 506

JUDGMENT:     Reversed and Remanded.

APPEARANCES:

Attorney Paul Gains
Mahoning County Prosecutor
For Plaintiff-Appellee     Attorney Ralph Rivera
Assistant Prosecutor
Mahoning County Prosecutor's Office
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant     Attorney Cynthia Henry
P.O. Box 4332
Youngstown, Ohio 44515

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb


Dated: February 27, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Zoltan Kozic, appeals from a Mahoning County Common Pleas Court judgment resentencing him pursuant to a remand from this Court.

{¶2} On May 20, 2010, a Mahoning County Grand Jury issued a 22-count indictment alleging a criminal enterprise among appellant, Jamie Kozic, and Jennifer Kozic. Of those 22 counts, appellant was indicted on nine counts: six counts of burglary, second-degree felonies in violation of R.C. 2911.12(A)(2)(C); two counts of drug trafficking, third-degree felonies in violation of R.C. 2925.03(A)(1)(C)(1)(c); and one count of engaging in a pattern of corrupt activity, a first-degree felony in violation of R.C. 2923.32(A)(1)(B).

{¶3} The matter proceeded to a jury trial. The trial court dismissed one count of burglary. The jury convicted appellant of the remaining counts: five counts of burglary (counts 3, 5, 6, 7, and 8); two counts of drug trafficking (counts 14 and 15); and one count of engaging in a pattern of corrupt activity (count 22). The trial court sentenced appellant to an aggregate term of 18 years in prison.

{¶4} Appellant appealed his conviction and sentence. State v. Kozic, 7th Dist. No. 11 MA 160, 2014-Ohio-3788. This Court affirmed in part and reversed in part. We reversed appellant's convictions on count 14 (third-degree felony drug trafficking) and count 15 (third-degree felony drug trafficking) and remanded for the trial court to enter convictions on the lesser-included offense of fourth-degree felony drug trafficking on both counts and to resentence appellant accordingly. Id. at ¶ 95. We affirmed the remainder of appellant's convictions and sentences. Id.

{¶5} On remand, the trial court entered convictions on the lesser included offenses of fourth-degree felony drug trafficking on counts 14 and 15. Once again the trial court imposed an 18-year prison term. And once again, appellant appealed. State v. Kozic, 7th Dist. No. 15 MA 0215, 2016-Ohio-8556, appeal not allowed, 149 Ohio St.3d 1433, 2017-Ohio-4396, 76 N.E.3d 1209.

{¶6} This time on appeal, this Court found that the trial court erred by failing to advise appellant at his resentencing hearing that the parole board can impose a

prison term of up to one half of his original sentence for violating postrelease control. Id. at ¶ 18. Therefore, we reversed appellant's sentence in part and remanded the matter to the trial court for a limited resentencing hearing for the proper advisement and imposition of postrelease control. Id.

{¶7} On March 9, 2017, pursuant to this Court's remand, the trial court held another resentencing hearing. The trial court once again imposed a total sentence of 18 years.

{¶8} Appellant filed a timey notice of appeal on June 7, 2017. He now raises two assignments of error.

{¶9} Appellant's first assignment of error states:

THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION AND IS CONTRARY TO LAW.

{¶10} Appellant argues the trial court erred when it failed to properly advise him of the longest applicable period of postrelease control at the May 8 2017 resentencing hearing. He contends the trial court erroneously advised him that he faced a three-year period of postrelease control. Yet he states that because he was convicted of a first-degree felony, the applicable period of postrelease control is five years.

{¶11} Plaintiff-appellee, the State of Ohio, concedes error as to this assignment of error.

{¶12} According to the Ohio Supreme Court, proper postrelease control notification "includes 'notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control,' * * * including whether postrelease control is discretionary or mandatory, * * * and the term of supervision[.]" State v. Grimes, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11 (Internal citation omitted).

{¶13} Appellant was convicted of two fourth-degree felonies, five second-degree felonies, and a first-degree felony. Due to the varying levels of the offenses, appellant was subject to a discretionary three-year postrelease control period, a mandatory three-year postrelease control period, and a mandatory five-year postrelease control period. R.C. 2967.28(B).

{¶14} Pursuant to R.C. 2967.28(F)(4)(c), if an offender is subject to more than one postrelease control period, the period of postrelease control for all of the sentences shall be the period that expires last, as determined by the parole board or court. Moreover, periods of post-release control are to be served concurrently. R.C. 2967.28(F)(4)(c). Therefore, in multiple-offense cases, the trial court need only notify the defendant of the longest applicable period of postrelease control. State v. Darks, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 11.

{¶15} In this case then, the trial court was only required to advise appellant of the mandatory five-year postrelease control period. But it did not properly advise appellant at the resentencing hearing.

{¶16} At the resentencing hearing, the trial court stated, "and advising defendant that when he's released from prison he could be subject to - - he would be subject to a period of post-release control for three years[.]" (March 9, 2017 Tr. 5).

{¶17} The trial court did properly set out the mandatory five-year postrelease control period in the May 8, 2017 judgment entry of resentencing. But "even if the postrelease control advisement is given in the judgment entry, a new sentencing hearing is required when the advisement was not given at the sentencing hearing." State v. Hill, 7th Dist. No. 16 JE 0021, 2017-Ohio-4006, ¶ 13. Therefore, this matter must be remanded yet again so that the trial court may properly advise appellant of his mandatory five-year period of postrelease control.

{¶18} Accordingly, appellant's first assignment of error has merit and is sustained.

{¶19} Appellant's second assignment of error states:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS

WHEN JUDGE SWEENEY PRESIDED AT THE RESENTENCIGN HEARING, AS A RESULT THE U.S. CONSTITUTION AND OHIO CONSTITUTION REQUIRE RESENTENCING.

**{¶20}** Appellant argues the trial court judge should have been disqualified from resentencing him. Appellant notes that this Court has remanded this case on several occasions for resentencing. Each time, the same judge has presided over the resentencing hearings. Appellant asserts that as a result, he has lost confidence in the judicial system.

**{¶21}** In State v. Drummond, 7th Dist. Mahoning No. 05 MA 197, 2006-Ohio-7078, ¶ 105, this court addressed the issue of disqualification:

> R.C. 2701.03 provides the proper procedure for seeking disqualification of a common pleas court judge. See, also, Section 5(C) of Article IV of the Ohio Constitution. An appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice.

**{¶22}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶23}** For the reasons stated above, the trial court's judgment is reversed solely on the matter of postrelease control. This matter is remanded for resentencing only for the court to issue the proper postrelease control advisement.

Waite, J., concurs
Robb, P., J., concurs