[Cite as *Kociz v. Sweeney*, 2019-Ohio-131.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE EX REL. ZOLTAN KOZIC,

Relator,

v.

JUDGE MAUREEN SWEENEY,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0076**

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Zoltan Kozic, pro se,* #604-573, Lake Erie Correctional Institute,501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030, for Relator and

*Atty. Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee.

**Dated: January 11, 2019**

**PER CURIAM.**

{¶1} Proceeding on his own behalf, Relator Zoltan Kozic has filed a petition for a writ of mandamus asking this Court to compel Respondent Judge Maureen A. Sweeney of the Mahoning County Common Pleas Court, to rule on his January 11, 2018 motion for new trial. Counsel for Respondent has filed a combined answer and motion to dismiss demonstrating that Respondent has already ruled upon the motion.

{¶2} The salient facts underlying Relator's convictions are set forth in *State v. Kozic*, 7th Dist. No. 11 MA 160, 2014-Ohio-3788 (*Z. Kozic I)*, where we affirmed most of his convictions, but reversed two third degree drug trafficking convictions and ordered a limited remand for the trial court to enter verdicts on lesser included fourth degree felonies and resentence accordingly. In *State v. Kozic*, 7th Dist. No. 15 MA 215, 2016-Ohio-8556 (*Z. Kozic II)*, because the trial court exceeded the scope of our remand in *Z. Kozic I*, we found the trial court erred and remanded the matter a second time for a limited resentencing hearing for the proper advisement and imposition of post-release control. *Z. Kozic II,* ¶ 18. Meanwhile, we affirmed the trial court's 2016 denial of Relator's first motion for a leave to file a delayed motion for new trial. *State v. Kozic*, 7th Dist. No. 16 MA 0158, 2017-Ohio-4391 (*Z. Kozic III)*. Following the 2017 resentencing, Relator appealed and we found the trial court erred and remanded the matter a third time for a limited resentencing hearing for the proper advisement and imposition of post-release control. *State v. Kozic*, 7th Dist. No. 17 MA 0100, 2018-Ohio-816, ¶ 23. (*Z. Kozic IV)*.

{¶3} On January 11, 2018, Relator filed in the trial court a motion for new trial. The court denied the motion in a judgment entry dated June 25, 2018, but file-stamped July 3, 2018. Apparently without yet having received notice of the court's July 3, 2018 judgment entry denying his motion, Relator filed in this Court a week later on July 11, 2018, the present petition for a writ of mandamus to compel Respondent to rule upon his new trial motion. Respondent filed a combined answer and motion to dismiss. Meanwhile, Relator filed a notice of appeal directed to the trial court's decision and that appeal remains pending before this Court in case no. 18 MA 0079.

**{¶4}** Generally, a petitioner may file for a writ of mandamus or for a writ of procedendo to compel a court to rule on a pending motion. A writ of mandamus is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

**{¶5}** As counsel for Respondent points out in their combined answer and motion to dismiss, Respondent ruled on Relator's motion on July 3, 2018, prior to the Relator's petition being filed in this action. Respondent has attached as an exhibit to their combined answer and motion to dismiss a copy of the trial court's July 3, 2018 judgment entry in which it dismissed Relator's January 11, 2018 motion.

**{¶6}** Since the trial court has ruled on the motion, Relator's petition for a writ of mandamus before this court is moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). As such, Relator's petition for writ of mandamus is hereby dismissed as moot.

**{¶7}** Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE KATHLEEN BARTLETT**


<u>Case No. 18 MA 0076</u>