[Cite as *State v. Bankston*, 2019-Ohio-4637.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SYMEON BANKSTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0027**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18-CR-376

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Alexander Keane* P.O. Box 92, Canfield, Ohio 44446, for Defendant-Appellant.

Dated: November 4, 2019

---

**D'Apolito, J.**

{¶1} Appellant, Symeon Bankston, appeals from the February 8, 2019 judgment of the Mahoning County Court of Common Pleas, sentencing him to a jointly recommended prison term of nine months in prison, with 317 days of credit for time served, for having weapons under disability following a no contest plea.[1] At issue on appeal is whether the trial court properly imposed post-release control. For the reasons stated, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 26, 2018, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, having weapons under disability, a felony of the fifth degree, in violation of R.C. 2923.13(A)(3) and (C); and count two, obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A).[2] Appellant was appointed counsel and pleaded not guilty at his arraignment.

{¶3} Thereafter, Appellant withdrew his former plea and entered a no contest plea to count one, having weapons under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3) and (C). Appellant and Appellee, the State of Ohio, entered into an agreed recommendation of sentence which included nine months in prison on count one, with 317 days of credit for time served, and dismissal on count two.

{¶4} A combined plea and sentencing hearing was held on February 7, 2019.

{¶5} During the plea portion of the hearing, post-release control was mentioned. Specifically, the trial court conducted a Crim.R. 11 colloquy with Appellant and indicated that he would be subject to three years of post-release control. Following the advisements, the trial court accepted Appellant's no contest plea and proceeded immediately to sentencing.

{¶6} During the sentencing portion of the hearing, the trial court followed the

---

[1] A nunc pro tunc judgment entry was filed on February 20, 2019 to correct a clerical error. Neither the February 8, 2019 entry nor the February 20, 2019 nunc pro tunc entry mention post-release control.

[2] Count one was later amended from a fifth-degree felony to a third-degree felony.

agreed recommendation of sentence between Appellant and the State. Appellant received nine months in prison, with 317 days of credit for time served, and was ordered released on this case. During this portion of the hearing, however, post-release control was not mentioned. Also, post-release control was not mentioned in the trial court's February 8, 2019 sentencing entry. In addition, post-release control was not mentioned in the trial court's February 20, 2019 nunc pro tunc entry.[3]

{¶7} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY NOT INCORPORATING NOTICE OF POST RELEASE CONTROL INTO ITS SENTENCING ENTRIES.**

In sentencing a defendant, the trial court must notify the defendant at the sentencing hearing of any term of post-release control and incorporate the postrelease control notification into the sentencing entry. R.C. 2929.19(B)(2)(c)-(e); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, superseded by statute on other grounds. *See also State v. Bundy*, 2013-Ohio-2501, 994 N.E.2d 9, ¶ 10. If a trial court fails to impose the statutorily mandated term of post-release control as part of a defendant's sentence, that part of the sentence is void and must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. * * *

* * *

If the trial court * * * failed to incorporate that [post-release control] advisement into the final judgment entry, the proper remedy is correction through means of a nunc pro tunc entry. [*State v.*]*Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718 at ¶ 13. * * * The sentencing judgment entry, however, must be corrected before the defendant completes the prison term for the offense for which post-release control was

---

[3] The nunc pro tunc entry merely corrected count one to reflect that it is a third-degree felony.

to be imposed. *Qualls* at ¶ 16, 24. If it is not corrected prior to the completion of the sentence, post-release control cannot be imposed. *Id.*

\* \* \*

[A]n agreed upon sentence does not affect a defendant's ability to appeal the inadequacy of the post-release control advisement[.]

*State v. Hill*, 7th Dist. Jefferson No. 16 JE 0021, 2017-Ohio-4006, ¶ 12, 14, 18.

**{¶8}** As stated, the trial court conducted a combined plea and sentencing hearing. During the plea portion, three years of post-release control was mentioned. During the sentencing portion, the trial court followed the agreed sentence but did not mention post-release control. Assuming that post-release control was properly provided at the combined hearing, the trial court, however, never mentioned post-release control in its sentencing entry nor in its nunc pro tunc entry. The Ohio Department of Rehabilitation and Correction website reveals that although Appellant was released from prison, he is currently under Adult Parole Authority supervision for a three-year period, which began on June 5, 2019.

**{¶9}** The agreed upon sentence in this case does not affect Appellant's ability to appeal the inadequacy of the post-release control advisement. *Hill, supra,* at ¶ 18. Because Appellant has been released from prison and given the deficient judgment entries, he cannot now be subject to post-release control. *Id.* at ¶ 16.

## CONCLUSION

**{¶10}** For the foregoing reasons, Appellant's sole assignment of error is well-taken. The judgment of the Mahoning County Court of Common Pleas is reversed and the matter is remanded with instructions to discharge Appellant from his term of post-release control.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 MA 0027

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**